JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Desean Ingram appeals his conviction and sentence from the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Ingram was indicted for possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree, trafficking in drugs in violation of R.C. 2925.03, a felony of the fourth degree, and possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree.
 {¶ 3} Ingram filed a motion for intervention in lieu of conviction pursuant to R.C. 2951.041. Ingram pled guilty to the indictment. The court made a finding of guilt, stayed the proceedings, and granted the motion, establishing a treatment plan for a period of one year with various conditions.
 {¶ 4} Six months later, a capias was issued at the request of the probation department alleging that Ingram failed to report as required. On June 10, 2004, Ingram was given notice of a hearing on the violation of the terms of his treatment program and he was assigned counsel.
 {¶ 5} On June 29, 2004, the court held the hearing where his probation officer informed the court that Ingram had stopped reporting. Ingram acknowledged that he had stopped reporting and explained that he had "a lot of stuff going on." He also admitted that he should have reported.
 {¶ 6} The court found him in violation, removed the stay of conviction, and found him guilty. The court sentenced Ingram to six months in prison on each count to run concurrently.
 {¶ 7} Ingram filed a motion for modification of sentence or reconsideration, which was denied by the trial court.
 {¶ 8} Ingram appeals, advancing six assignments of error. Under each assignment, Ingram relies on case law, statutes, and rules that govern the procedures for revocation of probation or community control sanctions.[1] He argues that the intervention in lieu of conviction procedure is a form of probation or community control sanction and therefore must follow the same rules.
 {¶ 9} A brief review of R.C. 2951.041 is necessary for our analysis. R.C. 2951.041 governs the intervention in lieu of conviction procedure. It provides that, upon request, certain eligible offenders may be placed under the general control and supervision of the county probation department, or another comparable agency, and if the individual successfully completes an intervention plan, he will have the criminal proceedings against him dismissed. R.C. 2951.041; State v. Dempsey,
Cuyahoga App. No. 82154, 2003-Ohio-2579. "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." State v. Shoaf (2000),140 Ohio App.3d 75, 77.
 {¶ 10} If the court finds under division (B) of this section that the offender is eligible for intervention in lieu of conviction and grants the offender's request, the court shall accept the offender's plea of guilty, stay all criminal proceedings, and order the offender to comply with all terms and conditions imposed by the court pursuant to division (D). R.C. 2951.041(C).
 {¶ 11} Division (D) of this section states:
"(D) If the court grants an offender's request for intervention in lieuof conviction, the court shall place the offender under the generalcontrol and supervision of the county probation department, the adultparole authority, or another appropriate local probation or court servicesagency, if one exists, as if the offender was subject to a communitycontrol sanction imposed under section 2929.15, 2929.18, or 2929.25 ofthe Revised Code. The court shall establish an intervention plan for theoffender. The terms and conditions of the intervention plan shall requirethe offender, for at least one year from the date on which the courtgrants the order of intervention in lieu of conviction, to abstain fromthe use of illegal drugs and alcohol and to submit to regular randomtesting for drug and alcohol use and may include any other treatmentterms and conditions, or terms and conditions similar to communitycontrol sanctions, that are ordered by the court."
(Emphasis added.)
 {¶ 12} A "community control sanction" is any sanction that is not a prison term and is described in 2929.15 through 2929.18 of the Revised Code. R.C. 2929.01(F). A "sanction" is defined as any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, aspunishment for the offense. R.C. 2929.01(EE), (emphasis added).
 {¶ 13} A review of Sections 2929.15 through 2929.18 reveals that the intervention in lieu of conviction procedure was not described or contemplated therein. Furthermore, the intervention in lieu of conviction procedure or program was not designed as punishment, but rather as an opportunity for first time offenders to receive help with their dependency without the ramifications of a felony conviction. Therefore, we find that the intervention in lieu of conviction program is not a form of community control sanction or probation. Although the offender pleads guilty and is under the general control and supervision of the probation department, his plea is held in abeyance in order for him to complete his designated program. The inherent principle in this approach is that if he is successful, he will not be convicted and the charges will be dismissed by the court.
 {¶ 14} With this finding in mind, we review Ingram's six assignments of error.
 {¶ 15} "I. Defendant was denied due process of law and his right to counsel of choice."
 {¶ 16} Under this assignment of error, Ingram argues that the court-appointed attorney was not his counsel of choice and that his council of choice appeared two minutes late and missed the hearing. Further, he argues that the court failed to inform Ingram that he had the right to be represented "by his own counsel." Ingram cites Crim.R. 32.3 and Gideon v. Wainwright (1963), 372 U.S. 335 for this proposition.
 {¶ 17} Crim.R. 32.3 governs the revocation of probation, now known as community control sanction. Crim.R. 32.3(B) specifically states that "[t]he defendant shall have the right to be represented by retained counsel and shall be so advised." However, as explained above, R.C.2951.041 governs the intervention in lieu of conviction program, which does not require the trial court to advise the offender that he is entitled to retained counsel. Furthermore, this right under Crim.R. 32.2(B) may be waived.
 {¶ 18} In State v. White (1995), 100 Ohio App.3d 62, this court ruled that the trial court acted within its discretion when it assigned counsel for the defendant at a probation violation hearing pursuant to Crim.R. 32.2(B). The defendant complained on appeal that he was denied his right to effective assistance of counsel because the court assigned counsel when he had a retained attorney. Id. at 66. This court reasoned that there was no evidence in the record to demonstrate that at the time the hearing was scheduled to start the trial court knew of the existence or identity of defendant's retained counsel. Id. Furthermore, defendant never identified his retained attorney but only made a few references to his "regular lawyer." Id. This was not sufficient to put the trial court on notice that he had a retained attorney. Id.
 {¶ 19} In this case, Ingram was found to be indigent and assigned an attorney 19 days before the actual hearing. At no time did he or his attorney notify the court that he had retained counsel. Further, he never made reference to his retained counsel during the violation hearing, nor did he object to going forward with the assigned counsel.
 {¶ 20} In Gideon v. Wainwright, supra, the United States Supreme Court held that the Sixth Amendment right to counsel requires that the court provide counsel to indigent defendants. It does not, however, guarantee that defendants will have their "counsel of choice."
 {¶ 21} Ingram was not denied counsel; rather, he was provided counsel because he was indigent. Therefore, we find that the trial court did not abuse its discretion when it assigned counsel to Ingram.
 {¶ 22} Ingram's first assignment of error is overruled.
 {¶ 23} "II. Defendant was denied due process of law when he was not granted a preliminary community control sanction hearing."
 {¶ 24} Ingram argues that the trial court violated his constitutional rights when it failed to have a preliminary probation violation hearing, citing Gagnon v. Scarpelli (1973), 411 U.S. 778 and State v. Williams
(1988), 43 Ohio App.3d 184.
 {¶ 25} Division (F) governs when an offender fails to comply with his intervention program. R.C. 2951.041(F) states:
 {¶ 26} "If the court grants an offender's request for intervention inlieu of conviction and the offender fails to comply with any term orcondition imposed as part of the intervention plan for the offender, thesupervising authority for the offender promptly shall advise the court ofthis failure, and the court shall hold a hearing to determine whether theoffender failed to comply with any term or condition imposed as part ofthe plan. If the court determines that the offender has failed to complywith any of those terms and conditions, it shall enter a finding ofguilty and shall impose an appropriate sanction under Chapter 2929 of theRevised Code."
 {¶ 27} Again, Ingram was not on probation or community control sanctions. Even so, in State v. Delaney (1984), 11 Ohio St.3d 231, 233, the Supreme Court of Ohio held that failing to object to a lack of a preliminary hearing waived any right to that hearing.
 {¶ 28} Ingram did not request a preliminary hearing, nor did he object when he did not have one. Furthermore, a capias was issued in this case at the request of the probation department because of Ingram's failure to report. Warrants are presumably issued upon probable cause. Therefore, Ingram's due process rights were not violated and he waived any right to a preliminary hearing when he failed to object.
 {¶ 29} Ingram's second assignment of error is overruled.
 {¶ 30} "III. Defendant was denied due process of law when the court conducted an unfair community control sanction violation hearing by having defendant prove his innocence."
 {¶ 31} Under this assignment of error, Ingram argues that his rights were violated when the court asked him to respond to the probation officer's allegation that he failed to report monthly, as required. Ingram argues that he should have been advised of his right not to testify against himself.
 {¶ 32} At the hearing, Ingram admitted that he had not reported but explained that he had "a lot of stuff going on" in his life. The trial court found him in violation of his program; the court lifted the stay and found him guilty of all three counts.
 {¶ 33} The Fifth Amendment to the United States Constitution provides that no person shall be compelled in any criminal case to be a witness against himself. Though this right is extensive, it is not applicable at a sentencing hearing. "Defendant had already been found guilty and, therefore, could not subsequently `incriminate' himself when he made statements during his sentencing hearing." State v. Mason (May 9, 1996), Cuyahoga App. No. 69280. We see no reason to require the same colloquy at a violation hearing or sentencing hearing as required prior to the defendant's plea of guilt.
 {¶ 34} Ingram's third assignment of error is overruled.
 {¶ 35} "IV. Defendant was denied due process of law when he was sentenced to prison where the court failed to specify any prison sentence at the time of sentencing."
 {¶ 36} Here, Ingram argues that because the trial court failed to inform him of the specific time period he could be sentenced to if he violated the terms of his treatment program he could not be sentenced to prison. Ingram cites R.C. 2929.19(B)(5) for his position.
 {¶ 37} R.C. 2929.19(B)(5) states in pertinent part: "The court shall notify the offender that, if the conditions of the [community control] sanction are violated * * * the court may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation * * *."
 {¶ 38} R.C. 2929.19(B)(5) is applicable to community control sanctions, not treatment in lieu of conviction. Furthermore, Ingram was informed at his plea hearing, as required, of the possible penalties of a guilty plea, and he was told that if he violated the conditions of his treatment program he would be sent to prison. This notice is sufficient.
 {¶ 39} Ingram's fourth assignment of error is overruled.
 {¶ 40} "V. Defendant was denied due process of law when the court imposed a prison sentence without any determination as to the propriety of imposing a prison sentence."
 {¶ 41} Ingram argues that the imposition of sentence was contrary to law because he pled guilty to two fifth-degree felonies and one fourth-degree felony, requiring findings under R.C. 2929.13(B)(2)(a). The state argues that R.C. 2929.13(C) applies because Ingram was convicted of a trafficking offense under R.C. 2925.03, which does not carry a presumption of probation. We agree.
 {¶ 42} R.C. 2929.13(C) states in pertinent part: "in determining whether to impose a prison term as a sanction for a * * * felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."
 {¶ 43} Here, Ingram was sentenced to the minimum term of six months in prison for each count to run concurrently because he violated his intervention program. No findings are required because the trial court did not exceed the minimum nor did it impose consecutive sentences.
 {¶ 44} Ingram's fifth assignment of error is overruled.
 {¶ 45} "VI. Defendant was denied due process of law when the court revoked defendant's community control sanction on a basis different from what had been told to defendant at the time of his plea."
 {¶ 46} Under this assignment of error, Ingram argues that the court stated that his probation would be revoked only if he continued to use drugs. Since there was no evidence that he used drugs, he argues that the court cannot find him in violation of his treatment program.
 {¶ 47} A review of the transcript does not support Ingram's argument. Although the trial court stressed that if Ingram continued to use drugs he would go to prison, the trial court did not state that drug use was the only way to violate the terms of his program.
 {¶ 48} Ingram cites no applicable case law in support of his position that every conceivable violation must be spelled out by the court before he can be found in violation of the intervention program. It is clear from the record that Ingram was ordered to be supervised by the probation department, which supervision entails monthly reporting, and therefore, failure to report would be in violation of his intervention program.
 {¶ 49} Ingram's sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Kilbane, J., concur.
[1] We use both terms, probation and community control sanctions, because the statutes and rules still reference both terms.