OPINION
{¶ 1} Jerry Reed appeals from a judgment of the Montgomery County Court of Common Pleas, which found him guilty of possession of cocaine. Reed had pled no contest to the charge after the trial court overruled his motion to suppress evidence.
 {¶ 2} On June 11, 2004, Reed was indicted for possession of cocaine, and he entered a plea of not guilty. Jack Harrison was appointed to serve as his attorney. Reed subsequently filed a motion to suppress evidence, and a hearing was scheduled for July 29, 2004. At the hearing, attorney James Birt appeared for Jack Harrison. Birt indicated that he had reviewed the matter beforehand and was prepared to stand in for Harrison rather than to seek a continuance, and the hearing proceeded. The trial court overruled the motion to suppress. Reed subsequently entered into a plea agreement with the state whereby he pled no contest to possession of cocaine in excess of ten grams but less than twenty-five grams in exchange for a recommendation of a two year sentence with credit for time served. The court sentenced Reed in accordance with the state's recommendation.
 {¶ 3} Reed raises one assignment of error on appeal.
 {¶ 4} "APPELLANT WAS DENIED DUE PROCESS AND HIS CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 5} Reed contends that he was denied his right to the effective assistance of counsel because it was "unclear that substitute Counsel was in a position to fulfill the role of an effective advocate" at his suppression hearing. He claims that he did not knowingly, intelligently, and voluntarily waive his right to assigned counsel, and he asks to "be judged under the same standards in which cases of self-representation are judged."
 {¶ 6} Claims of ineffective assistance of trial counsel are reviewed under the two prong analysis set forth in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Id. Deficient performance means that claimed errors were so serious that the defense attorney was not functioning as the "counsel" that the Sixth Amendment guarantees. Statev. Cook (1992), 65 Ohio St.3d 516, 524, 605 N.E.2d 70.
 {¶ 7} There are several shortcomings in Reed's argument. First, insofar as it is "unclear" whether substitute counsel was effective, we must indulge the presumption that he did provide reasonable assistance.Strickland, 466 U.S. at 688.
 {¶ 8} Second, Reed's discussion about self-representation cases is wide of the mark. This is not a case of self-representation. Accordingly, we analyze this assignment pursuant to Strickland andBradley.
 {¶ 9} Third, we note that, while the Sixth Amendment provides a defendant with the right to a competent attorney, it does not provide him with the right to an attorney of his choice or to the services of a particular attorney. State v. Ingram, Cuyahoga App. No. 84925,2005-Ohio-1967, at ¶ 20. While we do not fault Reed for not objecting to Birt's substitution for Harrison, there is nothing of record to suggest that Reed was not agreeable to the substitution. Assuming that Reed is correct that Montgomery County common pleas court judges "customarily" obtain waivers of the presence of appointed counsel — here, Harrison — in situations like this, the custom is just that. While obtaining a waiver may serve a salutary purpose, it is not required. Indeed, nothing suggests that the trial court would not have continued the matter to enable Harrison to conduct the suppression hearing had Reed indicated dissatisfaction with Birt's doing so.
 {¶ 10} Fourth, and most important, Reed has failed to make any specific argument as to how counsel acted ineffectively or how he was prejudiced. It does not appear from the record that Reed had any legitimate basis on which to have the evidence suppressed. Accordingly, we conclude that counsel's performance at the suppression hearing did not fall below an objective standard of reasonableness and that his errors, if any, were not serious enough to affect the outcome of the proceeding.
 {¶ 11} The sole assignment of error is overruled.
 {¶ 12} The judgment of the trial court will be affirmed.
Grady, J. and Donovan, J., concur.