[Cite as *State v. Newsome*, 2013-Ohio-4587.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13 CAA 03 0014 |
| | : | |
| CHELSEA T. NEWSOME | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Delaware County Court
                                of Common Pleas, Case No. 10 CR I 02
                                0099



JUDGMENT:                       AFFIRMED



DATE OF JUDGMENT ENTRY:         October 10, 2013



APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

CAROL HAMILTON O'BRIEN                   DAVID H. BIRCH
DELAWARE CO. PROSECUTOR                  2 West Winter
PETER B. RUFFING                        Delaware, OH 43015
140 N. Sandusky St. 3rd Floor
Delaware, OH 43015

*Delaney, J.*

{¶1}   Appellant Chelsea T. Newsome appeals her conviction and sentence from the Delaware County Court of Common Pleas.  Finding no error in the proceedings below, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}   A statement of the facts underlying appellant's conviction is not necessary to our resolution of this appeal.  In an entry journalized on September 2, 2010, appellant was granted treatment in lieu of conviction ("ILC") for one count of possession of heroin, a violation of R.C. 2925.11(A) and a felony of the fifth degree.

{¶3}   On December 4, 2012, the State filed a Motion to Terminate Intervention in Lieu of Conviction and to Impose Sentence, citing four violations of the terms of appellant's ILC.  The State alleged appellant tested positive for suboxone on two occasions; failed to complete treatment as ordered; failed to pay court costs and supervision fees; and failed to appear for "numerous" appointments with her probation officer.

{¶4}   The trial court held a hearing on February 1, 2013, and appellant's probation officer testified to the violations.  Appellant testified on her own behalf and said she obtained a prescription for the suboxone when her probation officer told her she needed one.  She claimed she saw a counselor when she saw the doctor who provided her with the suboxone prescription and that she missed the appointments with her probation officer and with the court-ordered counseling services due to illness.

{¶5} The trial court found appellant to be in violation of the terms of her ILC with regard to each violation cited in the State's motion, with the exception of payment of court costs and supervision fees. The trial court then found appellant guilty of one count of possession of heroin and placed her on a community-control sanction for 5 years, which includes 6-week intensive inpatient treatment and 6-week intensive outpatient drug treatment recommended by her original counselor and probation officer, house arrest, and a driver's-license suspension.

{¶6} Appellant now appeals from the trial court's February 5, 2013 Judgment Entry on Sentence.

{¶7} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶8} "I. THE TRIAL COURT ERRED AT SENTENCING BY CONSIDERING IMPROPER FACTS AND IMPOSING INAPPROPRIATE COMMUNITY CONTROL SANCTIONS."

**ANALYSIS**

{¶9} Appellant argues the trial court improperly considered her failure to complete the terms of ILC in determining her sentence and should instead have sentenced appellant based on the "situation" in effect at the time of her original guilty plea in 2010. Appellant cites no applicable case law in support of her position.

{¶10} Appellant was granted ILC pursuant to R.C. 2951.041. ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense. R.C. 2951.041(A)(1). If, after a hearing, the trial court

determines that an offender is eligible for ILC, then it shall accept the offender's guilty plea, place the offender under the general control and supervision of the appropriate probation or other qualified agency, and establish an intervention plan for the offender. R.C. 2951.041(C) and (D). The intervention plan shall last at least one year, during which the offender is ordered to abstain from alcohol and illegal drug use, to participate in treatment and recovery-support services, and to submit to regular random testing for drug and alcohol use. R.C. 2951.041(D). If the offender successfully completes the intervention plan, the trial court shall dismiss proceedings against the offender without an adjudication of guilt and may order the sealing of records related to the offense. R.C. 2951.041(E). If the offender fails to comply with any term or condition imposed as part of the intervention plan, the court shall enter a finding of guilt and impose the appropriate sanction. R.C. 2951.041(F).

{¶11} In reviewing the purpose of the ILC statute, the Ohio Supreme Court summarized the legislative purpose as follows:

> "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." *State v. Shoaf* (2000), 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (referring to a previous, but similar, version of R.C. 2951.041). R.C. 2951.041 is not limited to offenders charged with drug offenses. Rather, any offender charged with any qualifying offense may be eligible for ILC so long as the trial court

has "reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior." R.C. 2951.041(A)(1). ILC is not designed as punishment, but rather as an opportunity for first-time offenders to receive help for their dependence without the ramifications of a felony conviction. *State v. Ingram,* Cuyahoga App. No. 84925, 2005-Ohio-1967, 2005 WL 977820, ¶ 13.

*State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 10.

{¶12} The decision of a trial court finding an offender has failed to comply with ILC is reviewed for an abuse of discretion. *State v. Lingg*, 2nd Dist. Montgomery No. 2011 CA 8, 2011-Ohio-4543, ¶ 11. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In this case, appellant does not challenge the court's decision finding her in violation of ILC, but argues the court had no authority to impose further treatment. We disagree.

{¶13} R.C. 2951.041(F) specifies in pertinent part that "[i]f the court determines that the offender has failed to comply with any of the [ILC terms and conditions], it shall enter a finding of guilty and shall impose an appropriate sanction under Chapter 2929 of the Revised Code." In this case the trial court entered a finding of guilty upon one count of possession of heroin pursuant to R.C. 2925.11(A), a felony of the fifth degree. Appellant was therefore subject to sentencing pursuant to R.C. 2925.11(C)(1)(a), which

directs the sentencing court to R.C. 2929.13(B), requiring the court to sentence the offender to a term of community control unless certain factors apply. In this case, appellant was sentenced to a term of community control including intensive drug treatment.

{¶14} Appellant also argues this sentence was inappropriate, however, because the trial court could not properly impose treatment and recovery services without "a written drug assessment filed with the court at the time of accepting [her] guilty plea." She directs us to R.C. 2929.15(A)(3) for support for this argument, which states:

> If an offender who is eligible for community control sanctions under this section admits to being drug addicted or the court has reason to believe that the offender is drug addicted, and if the offense for which the offender is being sentenced was related to the addiction, the court may require that the offender be assessed by a properly credentialed professional within a specified period of time and shall require the professional to file a written assessment of the offender with the court. If a court imposes treatment and recovery support services as a community control sanction, the court shall direct the level and type of treatment and recovery support services after consideration of the written assessment, if available at the time of sentencing, and recommendations of the professional and other treatment and recovery support services providers.

{¶15} We note the use of the discretionary term "may" require a professional assessment, it is not statutorily mandated for a trial court to order an assessment before

imposing a community control sanction. The trial court imposed community control, including intensive inpatient and outpatient treatment, on the basis of a recommendation from Perry Behavioral Health Choices, Inc., the original court-ordered counseling agency. The trial court's decision complies with R.C. 2951.041(F) and Chapter 2929.

{¶16} Appellant's true complaint seems to be her inference that the trial court has "impose[d] criteria in a community control sanction with which it is beyond the capability of the defendant to comply." It remains to be seen whether appellant is capable of complying with court-ordered treatment; we note prison is the alternative.

{¶17} We find appellant's assignment of error to be without merit and it is therefore overruled.

### CONCLUSION

{¶18} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Wise, J., concur.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. JOHN W. WISE