[Cite as *State v. Davis*, 2014-Ohio-2122.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2013-12-129 |
| Plaintiff-Appellant, | : | CA2013-12-130 |
| | : | O P I N I O N |
| - vs - | | 5/19/2014 |
| | : | |
| ADAM DAVIS, | : | |
| Defendant-Appellee. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CR28971

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellant

Madden & Oswall, Co., LPA, Stephan D. Madden, 810 Sycamore Street, Fifth Floor, Cincinnati, Ohio 45202, for defendant-appellee

**S. POWELL, J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the decision of the Warren County Court of Common Pleas permitting defendant-appellee, Adam Davis, to continue on his intervention in lieu of conviction (ILC) treatment plan after serving only four days in jail as a result of his admitted violation to the terms and conditions of his ILC. For the reasons outlined below, we reverse and remand for further proceedings.

{¶ 2}    On March 25, 2013, a Warren County grand jury indicted Davis on one count of possession of cocaine in violation of R.C. 2925.11(A), a fifth-degree felony.  On April 23, 2013, Davis filed a motion requesting he be granted ILC and placed on a treatment plan. The trial court held a hearing on the matter on May 21, 2013.  During that hearing, the trial court informed Davis that if he pled guilty to possession of cocaine it would grant his motion for ILC.  Davis then entered his guilty plea, which the trial court accepted, and the trial court granted Davis' motion.  In granting Davis' motion, the trial court specifically stated that Davis would be subject to random drug tests and that if he tested positive for drugs his "intervention will be revoked, you'll lose your driver's license, you'll go to jail or prison."

{¶ 3}    On November 13, 2013, Davis' probation officer, David Stwarka, filed a report with the trial court claiming Davis had violated the terms and conditions of his ILC after allegedly testing positive for cocaine on October 30, 2013.  The trial court then held a hearing, wherein Davis admitted to the violation.  Based on the record before this court, Davis' decision to admit to the violation was based on the trial court informing Davis that he would be entitled to remain on ILC even after pleading guilty to the violation.

{¶ 4}    After Davis admitted to the violation, the state requested the trial court to revoke Davis' ILC as required by R.C. 2951.041(F).  In response, Davis claimed his positive drug test was a mistake resulting from his inadvertent cocaine use and that he was willing and able to comply with the terms and conditions of his ILC.  The trial court then stated:

> THE COURT:  Well, as [the state] correctly points out you're suppose[d] to not come back after the first time.  You got one break and [the state] argued why should you get another one. The point is that ILC was designed by the legislature to deal with drug dependent people.  It was meant to allow them to have a way to avoid a criminal record if they could turn their life around and stop using drugs.
>
> Clearly relapse is a consequence of drug addiction.  It is always a possible side [e]ffect of the history of abusing drugs.  If the legislature had intended for every relapse to revoke ILC they did

a poor job of creating an intervention system.  It's pointless to allow judges to have discretion and take it away from them, and I don't think the legislature ever intended that.

Continuing, the trial court then stated the following:

THE COURT:  I believe that what the legislature intended was if you commit another crime you certainly [lose] your intervention, you don't get a second bite at the apple.  But this is not a new crime.  There is allegations or claims that perhaps it was inadvertent, but even if it was the point is you're hanging around with people that are smoking dope.

DAVIS:  Yes sir.

THE COURT:  You're hanging with the wrong people.  That's not part of what I intended for you.  I intended for you to be clean and sober and staying away from that element and if you won't do that, shame on you, you're the one that's going to face the consequences.

The trial court, however, did not end there.  Rather, the trial court stated:

THE COURT:  * * * So, I will allow you over the objection of the prosecution to remain on an intervention, the treatment plan is amended though so that you must now serve the next four days in jail * * * and you're to thank the probation officer for saving you from any further consequences.

{¶ 5}  The trial court later memorialized its decision to allow Davis to continue on his ILC treatment in an entry filed on November 27, 2013.  The state now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 6}  THE WARREN COUNTY COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW WHEN IT MISINTERPRETED AND MISAPPLIED THE PLAIN AND UNAMBIGUOUS LANGUAGE, "[I]F THE COURT DETERMINES THAT THE OFFENDER HAS FAILED TO COMPLY WITH ANY OF THOSE TERMS AND CONDITIONS, IT SHALL ENTER A FINDING OF GUILTY AND SHALL IMPOSE AN APPROPRIATE SANCTION UNDER CHAPTER 2929[,]" FOUND IN R.C. 2951.041(F).

{¶ 7}  In its single assignment of error, the state argues the trial court erred by

permitting Davis to remain on ILC. According to the state, the trial court's decision was contrary to the clear and unambiguous language found in R.C. 2951.041(F). We agree.

{¶ 8} R.C. 2951.041 governs the ILC procedure. Generally, R.C. 2951.041 provides that, upon request, certain eligible offenders may be placed under the general control and supervision of the county probation department, or another comparable agency, "and if the individual successfully completes an intervention plan, he will have the criminal proceedings against him dismissed." *State v. Ingram*, 8th Dist. Cuyahoga No. 84925, 2005-Ohio-1967, ¶ 9; *State v. Lingg*, 2d Dist. Montgomery No. 2011 CA 8, 2011-Ohio-4543, ¶ 9. By enacting R.C. 2951.041, "the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 10, quoting *State v. Shoaf*, 140 Ohio App.3d 75, 77 (10th Dist.2000), citing *State v. Baker*, 131 Ohio App.3d 507, 510 (7th Dist.1998). "ILC is not designed as punishment, but rather as an opportunity for first-time offenders to receive help for their dependence without the ramifications of a felony conviction." *Id.*, citing *Ingram* at ¶ 13. The granting of a motion for treatment in lieu of conviction lies in the trial court's sound discretion. *State v. Lattimore*, 12th Dist. Butler No. CA2000-12-255, 2001 WL 1078933, *1 (Sept. 17, 2001), citing *State v. Gadd*, 66 Ohio App.3d 278, 279-280 (2d Dist.1990).

{¶ 9} This case, however, is not about whether the trial court erred by granting Davis' request for ILC. Rather, this case deals exclusively with the requirements after the offender has failed to comply with the terms and conditions of his ILC. As relevant here, R.C. 2951.041(F) provides the following:

> If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the

offender, the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan. **If the court determines that the offender has failed to comply with any of those terms and conditions, it shall enter a finding of guilty and shall impose an appropriate sanction under Chapter 2929 of the Revised Code.** If the court sentences the offender to a prison term, the court, after consulting with the department of rehabilitation and correction regarding the availability of services, may order continued court-supervised activity and treatment of the offender during the prison term and, upon consideration of reports received from the department concerning the offender's progress in the program of activity and treatment, may consider judicial release under section 2929.20 of the Revised Code.

(Emphasis added.)

{¶ 10} It is now well-established that R.C. 2951.041(F) clearly and unambiguously conveys the legislative intent that the trial court must sentence a defendant who is found to have failed his or her program of treatment in lieu of conviction to an appropriate sanction under R.C. Chapter 2929. *State v. Abi-Aazar*, 149 Ohio App.3d 359, 2002-Ohio-5026, ¶ 34-36 (9th Dist.), citing *State v. Taylor*, 10th Dist. Franklin No. 99AP-533, 2000 WL 271752, *2 (Mar. 14, 2000); *see also State v. Cumston*, 3d Dist. Marion No. 9-99-83, 2000 WL 924825, *2 (June 27, 2000) (addressing former R.C. 2951.041(F) finding it clear and unambiguous in its requirements that trial court must enter a guilt finding and a term of imprisonment for violation of intervention program conditions). This is markedly different from previous versions of R.C. 2951.041(F), which offered "no specific guidelines as to when a court should enter an adjudication of guilt and when it should allow the violator to remain in treatment." *State v. Thomas*, 4th Dist. Washington Nos. 88 CA 22 and 88 CA 29, 1989 WL 74879, *9 (June 28, 1989) (addressing former statute that allowed court to "take such actions as it considers appropriate" upon finding a violation of the terms and conditions of ILC occurred).

{¶ 11} As noted above, after being notified of Davis' alleged positive drug test, the trial

court held a hearing, wherein Davis admitted to the violation of the terms and conditions of his ILC. Yet, although entering a guilty finding, the trial court merely ordered Davis to continue with his ILC treatment plan after serving only four days in jail. This is not an appropriate sanction under R.C. Chapter 2929. While the trial court may believe the legislature did a "poor job of creating an intervention system" and that it is "pointless to allow judges to have discretion and take it away from them," the trial court must nevertheless comply with the plain, clear and unambiguous language found in R.C. 2951.041(F) resulting from Davis' alleged violation of the terms and conditions of his ILC. *See, e.g., State v. Newsome*, 5th Dist. Delaware No. 13 CA 03 0014, 2013-Ohio-4587, ¶ 13 (affirming the sanction imposed under R.C. Chapter 2929 after the trial court found appellant failed to comply with the terms and conditions of her ILC).

{¶ 12} Again, pursuant to the clear and unambiguous language of R.C. 2951.041(F), because Davis admitted to violating the terms and conditions of his ILC, the trial court was required to enter a finding of guilty and "impose an appropriate sanction under Chapter 2929 of the Revised Code." However, because Davis' decision to admit to the violation was based on the trial court informing Davis that he could remain on ILC if he admitted to the violation, Davis may now move for his plea to be withdrawn. Therefore, based on the facts and circumstances of this case, the state's single assignment of error is sustained and this matter is remanded for further proceedings. Upon remand, should the trial court find Davis guilty of violating the terms and conditions of his ILC, the trial court must then sentence Davis to an appropriate sanction under R.C. Chapter 2929 in conformance with the clear and unambiguous language of R.C. 2951.041(F).

{¶ 13} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.