[Cite as *State v. Fonseca*, 2015-Ohio-306.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101174

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EVA E. FONSECA

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574058-B

**BEFORE:**   McCormack, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   January 29, 2015

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
1370 Ontario Street
Suite 2000
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Melissa Riley
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, Eva Fonseca, appeals from her conviction. Finding no error in the proceedings below, we affirm the judgment of the trial court.

**{¶2}** On May 24, 2013, Fonseca was indicted with one count of drug possession, a felony of the fifth degree, in violation of R.C. 2925.11(A). She requested the court refer her to the intervention in lieu of conviction program ("ILC"). She then pleaded guilty to the indictment. The court accepted Fonseca's guilty plea but made no finding of guilt, stayed the proceedings, and granted Fonseca's motion. On August 7, 2013, the court placed Fonseca in ILC for a period of two years and ordered that she be placed under the supervision of the probation department.

**{¶3}** The court imposed the following conditions: (1) refrain from illegal drug use; (2) avoid places where drugs or alcohol are used, served, or sold; (3) complete a 12-step program for 90 days, in as many days, and have a verification sheet fully completed for every day, stating that if there's a missing item or the court cannot read it, "it's not a verified meeting and you have to go to another meeting"; after 90 days, attend a 12-step program every other day, with Sundays off; (4) complete an intensive outpatient drug treatment program; (5) submit to random drug testing; (6) obtain employment within 30 days of completing the treatment program; (7) submit to a mental health assessment and comply with any conditions of the mental health center; (8) register with the child support enforcement agency; and (9) comply with the standard conditions of community control.

**{¶4}** Finally, the court advised Fonseca that if she complied with all of the conditions for two years, her case would be dismissed without a conviction. If, however, she violated the

terms of the conditions, the court would find her guilty and could sentence her to nine months in prison. The court explained to Fonseca that such violations also included failing to meet with her probation officer, failing to submit a urine sample, and submitting a diluted or dirty urine sample. Fonseca acknowledged that she understood.

{¶5} On January 29, 2014, a capias was issued for Fonseca for failure to report and for being discharged from a treatment facility. The court held a violation hearing on March 17, 2014.

{¶6} At the hearing, Fonseca's probation officer informed the court that Fonseca failed to report and she was still using. The probation officer advised the court that Fonseca tested positive for opiates on August 23, 2013, and August 30, 2013. On September 13, 2013, she submitted a urine sample that was "too dilute[d]." On November 20, 2013, Fonseca failed to report, and she had not reported since October 16, 2013. The evidence demonstrated that Fonseca also failed to complete the 12-step AA program as ordered.

{¶7} There was some discussion at the hearing regarding Fonseca's treatment regimen. The record shows that Fonseca attended an outpatient treatment facility, left the facility, and returned to the facility a short time thereafter. There was some confusion regarding whether the court ordered Fonseca to attend outpatient or inpatient treatment. The court believed that it had previously ordered inpatient treatment; however, the transcript demonstrates that outpatient treatment was ordered and Fonseca eventually completed the program.[1]

---

[1]The journal entry contributes to the confusion, stating that the "court orders defendant to * * * successfully complete an *out-patient* treatment program; submit to a mental health assessment and release all information to the probation department. Once the defendant completes *in-patient* treatment she is to obtain full-time employment within 30 days." (Emphasis added.) We note, however, that this issue is not dispositive of the court's finding Fonseca in violation of the conditions of the intervention in lieu of conviction program, nor is it dispositive of this appeal.

**{¶8}** Upon reviewing Fonseca's paperwork, the trial court noted that Fonseca failed to attend the AA program on Tuesdays and Thursdays, in violation of the court's order that she attend the program every day for 90 days. Fonseca explained that she was not able to leave the treatment facility she attended on those particular days, even though it was an out-patient facility. The court noted that, regardless of her attendance, Fonseca had not had her verification paperwork fully completed (missing phone numbers), as she was ordered.

**{¶9}** Following the hearing, the trial court found that Fonseca had violated the terms and conditions of ILC, terminated the program, and found her guilty of drug possession. The court then placed Fonseca on community control for two years, with a new expiration of August 7, 2016, and advised Fonseca that should she violate her community control, the court will send her to prison for 12 months. The court also advised Fonseca of the conditions of community control, including attending AA meetings, properly completing AA verification paperwork, obtaining an AA sponsor, and avoiding contact with her codefendant or anyone engaging in illegal activities. The court once again advised Fonseca of the consequences of violating the terms and conditions of her community control and stated, "If I see you again, you're going to prison."

**Assignments of Error**

I.  The trial court denied the appellant her due process rights to a preliminary hearing before a probation violation merits hearing went forward.

II.  The merits hearing did not meet the minimum due process standards, denying appellant the right to have the probation violation allegations heard in a reliable and proper manner.

III.  The trial court's decision to violate and remove the appellant from [Intervention in Lieu of Conviction program] was against the manifest weight of the evidence.

IV. The trial attorney was ineffective in not raising the issue of competency at the final probation violation hearing.

**Intervention in Lieu of Conviction**

{¶10} In her assignments of error, Fonseca advances an argument based upon the premise that the intervention in lieu of conviction program is essentially the same as probation, or community control, and is therefore afforded the same protections. We do not agree.

{¶11} It is not in dispute that the trial court granted Fonseca's request for ILC, placed Fonseca in the program on August 7, 2013, and ordered that Fonseca be placed under the supervision of the probation department.

{¶12} R.C. 2951.041 governs the intervention in lieu of conviction program. It provides that, upon request, certain eligible offenders may be placed under the general control and supervision of the county probation department, or another comparable agency, and if the offender successfully completes an intervention plan, that individual will have the criminal proceedings against him or her dismissed. R.C. 2951.041; *State v. Ingram*, 8th Dist. Cuyahoga No. 84925, 2005-Ohio-1967. Under R.C. 2951.041(A)(1), if an individual is charged with a criminal offense "and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged * * *, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction." This statute allows the courts to "'treat the cause rather than punish the crime.'" *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 10, quoting *State v. Shoaf*, 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (10th Dist.2000).

{¶13} The statute provides that if the offender successfully completes the intervention program, the trial court shall dismiss the proceedings against the offender without an

adjudication of guilt. R.C. 2951.041(E). If the offender fails to comply with any term or condition imposed as part of the intervention program, however, the supervising authority (probation department) shall advise the court and the court shall hold a hearing to determine if the offender has failed to comply with any of the terms and conditions. R.C. 2951.041(F); *Massien* at ¶ 9. If the court determines that the offender has failed to comply, it shall enter a finding of guilt and impose the appropriate sanction. *Id.*

{¶14} This court has previously concluded that the intervention in lieu of conviction program is not a form of community control or probation. *Ingram* at ¶ 13. In making this determination, we recognized that (1) the community control statutes of R.C. 2929.15 through 2929.18 do not describe or contemplate ILC; and (2) ILC was created not as a punishment, but rather, to provide an opportunity for first-time offenders to receive help with their addiction without the ramifications of a felony conviction. *Id.* And although the offender pleads guilty and is under the supervision of the probation department, his or her plea is held in abeyance, pending successful completion of the program. *Id.*

{¶15} Fonseca contends that the trial court denied her due process rights because it did not hold a preliminary hearing prior to her violation hearing. Further, Fonseca contends that the violation hearing itself was not conducted in a proper procedural manner, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In *Gagnon*, the United States Supreme Court set forth the minimum due process requirements for the revocation of probation. *Id.* As we determined in *Ingram*, however, ILC is not probation. *Ingram* at ¶ 13. And R.C. 2951.041(F) governs when an offender fails to comply with his or her ILC conditions. The statute provides that the court "shall enter a finding of guilt and shall impose an appropriate

sanction" if the court determined at a hearing that the offender failed to comply with the terms and conditions of ILC. *Id.*

{¶16} Moreover, Fonseca did not request a preliminary hearing, nor did she object to not having one. *See State v. Delaney*, 11 Ohio St.3d 231, 233, 465 N.E.2d 72 (1984) (the failure to object to a lack of preliminary hearing waived any right to that hearing). Additionally, where a capias is issued, such as in this case, we presume it was issued based upon probable cause. *Ingram,* 8th Dist. Cuyahoga No. 84925, 2005-Ohio-1967, at ¶ 28.

{¶17} Therefore, where the trial court failed to hold a preliminary ILC violation hearing, and the offender never requested one, her due process rights were not violated. *Id.* Fonseca's first and second assignments of error are overruled.

{¶18} Fonseca also argues that the trial court's decision to find her in violation and remove her from ILC was against the manifest weight of the evidence. We find this argument unpersuasive.

{¶19} We review a trial court's revocation of ILC for an abuse of discretion. *State v. Zepeda*, 6th Dist. Wood No. WD-13-003, 2014-Ohio-1311, ¶ 18; *State v. Newsome*, 5th Dist. Delaware No. 13 CAA 03 0014, 2013-Ohio-4587, ¶ 12; *State v. Lingg*, 2d Dist. Montgomery No. 2011 CA 8, 2011-Ohio-4543, ¶ 11. An abuse of discretion implies that the decision of the trial court was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶20} Here, the trial court clearly outlined Fonseca's ILC conditions on August 7, 2013. The conditions included avoiding illegal drugs, reporting to her probation officer, and attending a 12-step program and obtaining proper verification of her attendance. Fonseca indicated that she understood the conditions imposed and the consequences for violating the conditions.

{¶21} The record shows that Fonseca failed to comply with the ILC conditions that were imposed on August 7, 2013. She tested positive for opiates on August 23, 2013, and August 30, 2013. On September 13, 2013, she submitted a diluted urine sample, in direct violation of the terms and conditions of ILC. This evidence, alone, is a sufficient basis upon which to revoke ILC. *See State v. Kelley*, 5th Dist. Delaware No. 13 CAA 04 0028, 2014-Ohio-464, ¶ 36. Further, on November 20, 2013, Fonseca failed to report and she neglected to report any time thereafter. Finally, the record shows that Fonseca's 12-step verification form did not comply with the court's previous orders.

{¶22} In light of the above, we cannot find the trial court abused its discretion when it terminated Fonseca's intervention plan. Fonseca's third assignment of error is overruled.

{¶23} In her fourth assignment of error, Fonseca argues that her trial attorney was ineffective in not raising the issue of competency at the final hearing. In support of her position, Fonseca claims that defense counsel's failure to demand a preliminary hearing "may have resulted in Fonseca being unable to properly explain her actions and helped to contribute to the confusion about what kind of drug treatment Fonseca was to receive * * *." This argument has no merit.

{¶24} In order to establish a claim of ineffective assistance of counsel, Fonseca must prove (1) her counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Ohio, every properly licensed attorney is presumed to be competent, and therefore, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

**{¶25}** Here, we previously found that the trial court did not err in failing to hold a preliminary hearing. ILC is not a form of probation, and its procedures outlined in R.C. 2951.041(F) provide for an immediate finding of guilt where the trial court held a hearing and determined that Fonseca failed to comply with the conditions of ILC. We therefore do not find trial counsel's performance deficient. Additionally, Fonseca has failed to show how a preliminary hearing would have changed the outcome of her case, or resulted in any prejudice. The alleged confusion surrounding what type of treatment Fonseca was ordered to receive — outpatient or inpatient — does not change the fact that she tested positive for opiates on two occasions, submitted a diluted urine sample, and failed to report to her probation officer. We therefore find that Fonseca failed to demonstrate that counsel's performance resulted in any prejudice.

**{¶26}** Fonseca's fourth assignment of error is overruled.

**{¶27}** The trial court's judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR