[Cite as *State v. Davis*, 2017-Ohio-8479.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 105129

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH R. DAVIS, JR.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-591134-A

**BEFORE:** Kilbane, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 9, 2017

**APPELLANT**

Kenneth R. Davis, Jr., pro se
16410 Scottsdale Boulevard
Shaker Heights, Ohio 44120


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Eben McNair
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Kenneth R. Davis, Jr. ("Davis"), pro se, appeals the trial court's imposition of a five-day detention in response to his positive drug tests for marijuana while on intervention in lieu of conviction ("ILC"). Davis also appeals the trial court's denial of his motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

{¶2} In November 2014, Davis was indicted on four counts of trafficking and two counts of drug possession. In April 2015, Davis pled guilty to the indictment, and the trial court granted his request for ILC under R.C. 2951.041. The trial court stayed the proceedings pending Davis's successful completion of the ILC program and placed Davis under the supervision of the probation department for one year, imposing various conditions.

{¶3} In August 2015, the trial court set a hearing in response to a probation department report that Davis had tested positive for marijuana. The trial court continued this hearing and granted Davis's request to seek out and enroll in an intensive outpatient treatment program. The trial court gave Davis three weeks to coordinate this with his probation officer and to provide verification of his enrollment in a treatment program to the court. The trial court warned Davis that his failure to do so, or to test positive for anything other than marijuana, "due to extended presence in [Davis's] body," would result in termination from ILC. The record indicates that the hearing was not held.

**{¶4}** In February 2016, the trial court held a hearing and found that Davis had tested positive for marijuana a second time. At this hearing, the trial court continued Davis in the ILC program and extended Davis's participation in ILC for six months. The trial court also warned Davis that any future positive test results for marijuana may result in a county jail detention of at least five days.

**{¶5}** In March 2016, the trial court held a hearing, for which Davis did not appear. The trial court issued a capias. In April 2016, the trial court held the hearing, at which Davis appeared, and found that Davis tested positive for marijuana a third time. The trial court then imposed a five-day jail detention on Davis. The trial court ordered Davis to report to county jail on April 29, 2016, and further ordered that he be released on May 4, 2016. The trial court again continued Davis in the ILC program with prior conditions.

**{¶6}** In July 2016, the trial court held a violation hearing. Davis waived probable cause and the trial court found him in violation of the terms of ILC "due to repeated positive drug tests and negative attitude towards the ILC program." The trial court terminated Davis from the ILC program and made findings of guilt on all counts of the indictment in light of Davis's April 2015 guilty plea. The trial court referred Davis to the probation department for a presentence investigation report and scheduled a sentencing hearing.

**{¶7}** In August 2016, Davis filed a pro se "motion to dismiss or as an alternative motion to withdraw * * * guilty plea with request for appointed counsel to join in on

instant motion." The trial court never ruled on this motion. In October 2016, the trial court sentenced Davis to community control.

{¶8} It is from the October 2016 sentencing entry that Davis now appeals. He raises the following assignments of error for our review:

Assignment of Error One

[The trial] court erred by imposing a five-day jail term on [Davis] when no finding of guilt was entered; while the [February 5, 2016] journal entry was void on its face.

Assignment of Error Two

[The trial] court erred by not dismissing the case or as an alternative letting [Davis] withdraw his guilty plea.

{¶9} In the first assignment of error, Davis argues that R.C. 2951.041, which governs the ILC programs, does not authorize the trial court to impose a jail term for an offender on ILC for a positive drug test without first making a finding of guilt, and therefore, the trial court's entry ordering he be detained in jail for five days is void. He argues that as a result of this void sanction his conviction and sentence are also unlawful and should be vacated.

{¶10} As an initial matter, we note the record demonstrates that the trial court judge exhibited great patience with Davis. Despite Davis's repeated positive drug tests for marijuana, the judge generously gave him several opportunities to complete the ILC program and to avoid a felony conviction by extending Davis's participation in the program. The trial court warned Davis that "any future positive marijuana test results may result in a jail sanction of at least [five] days" and ordered him to serve five days in

jail after testing positive for marijuana for a third time. It is clear to this court that the trial court took great care in attempting to guide Davis toward sobriety and the successful completion of the ILC program after each relapse. We further note that "ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense." *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 9, citing R.C. 2951.041(A)(1). The Ohio Supreme Court has summarized R.C. 2951.041, which governs ILC programs, as follows:

> If, after a hearing, the trial court determines that an offender is eligible for ILC, then it shall accept the offender's guilty plea, place the offender under the general control and supervision of the appropriate probation or other qualified agency, and establish an intervention plan for the offender. R.C. 2951.041(C) and (D). The intervention plan shall last at least one year, during which the offender is ordered to abstain from alcohol and illegal drug use, to participate in treatment and recovery-support services, and to submit to regular random testing for drug and alcohol use. R.C. 2951.041(D). If the offender successfully completes the intervention plan, the trial court shall dismiss proceedings against the offender without an adjudication of guilt and may order the sealing of records related to the offense. R.C. 2951.041(E). If the offender fails to comply with any term or condition imposed as part of the intervention plan, the court shall enter a finding of guilt and impose the appropriate sanction. R.C. 2951.041(F).

*Id.*

**{¶11}** R.C. 2951.041(D) specifically provides:

> If the court grants an offender's request for intervention in lieu of conviction, the court shall place the offender under the general control and supervision of the county probation department, * * * *as if* the offender was subject to a community control sanction imposed under [R.C. 2929.15, 2929.18, or 2929.25].

(Emphasis added.)

**{¶12}** This court has previously determined that ILC is not a form of community control or probation. *State v. Ingram*, 8th Dist. Cuyahoga No. 84925, 2005-Ohio-1967, ¶ 13. In reaching this conclusion in *Ingram*,

> we recognized that (1) the community control statutes of R.C. 2929.15 through 2929.18 do not describe or contemplate ILC; and (2) ILC was created not as a punishment, but rather, to provide an opportunity for first-time offenders to receive help with their addiction without the ramifications of a felony conviction.

*State v. Fonseca*, 8th Dist. Cuyahoga No. 101174, 2015-Ohio-306, ¶ 14.

**{¶13}** This court observes that relapse is an extremely common, and often inevitable, aspect of recovery from drug addiction.

> "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime."

*Massien* at ¶ 10, quoting *State v. Shoaf*, 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (10th Dist.2000).

**{¶14}** Here, the trial court's order that Davis be detained for five days in the county jail after his second relapse was clearly intended as a means of rehabilitation and treatment. In ordering Davis to spend five days in county jail, the trial court told Davis "you have a problem and we're trying to help you fix it[.]" Moreover, the trial court was clearly invested in trying to empower Davis to remain drug free and avoid a felony conviction. It explained to Davis the collateral sanctions of a felony record _ "if I tag you with this felony, good luck getting a job."

{¶15} We find that the trial court intended its order of the five-day jail stay as motivation for Davis to remain sober. The trial court made every attempt to empower Davis to embrace sobriety and avoid a felony conviction, but ultimately determined that his "bad attitude" toward the program warranted termination from ILC and imposition of community control.

{¶16} Especially in light of the current opioid crisis, a trial court's ability to order rehabilitation in an attempt to guide an offender toward a path of sobriety after relapse is necessary to make ILC an effective means of treatment for drug addiction. Accordingly, Davis's first assignment of error is overruled.

{¶17} In the second assignment of error, Davis argues that the trial court abused its discretion in failing to hold a hearing on his pro se motion to dismiss, alternatively styled as a motion to withdraw his guilty plea. Davis also asserts that the trial court abused its discretion in not allowing him to withdraw his guilty plea.

{¶18} The record reflects that Davis was represented by counsel when he filed his pro se motion. This court has previously held that "a defendant has the right to counsel or the right to act pro se; however, a defendant does not have the right to both, simultaneously, which is known as 'hybrid representation.'" *State v. Wyley*, 8th Dist. Cuyahoga No. 102889, 2016-Ohio-1118, ¶ 8, citing *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, _ 13. Accordingly, when a criminal defendant is represented by counsel, a trial court may not entertain a pro se motion filed by a

defendant. *Id.*, citing *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, _ 11.

> [W]here a defendant who is represented by counsel files pro se motions and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se, such motions are not proper and the trial court may strike them from the record.

*State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12.

**{¶19}** Davis contends he was unrepresented when he filed his pro se motion, and therefore, his motion was properly before the trial court. He asserts that the attorney appointed by the trial court to represent him at the July 2016 violation hearing was not assigned to represent him at the scheduled sentencing hearing in August 2016, and therefore, he was unrepresented in the intervening period in which he filed his pro se motion.

**{¶20}** The record reflects that the trial court terminated Davis from ILC, made a finding of guilt, and set a date for sentencing at the July 2016 violation hearing. At the hearing, the trial court told appointed counsel he would be appointed to "represent [Davis] on the sentencing."

**{¶21}** Based on the foregoing, we find that Davis was represented by appointed counsel when he filed his pro se motion. Moreover, there is no indication that his appointed counsel joined his motion. Therefore, Davis's pro se motion was not properly before the trial court, and the trial court did not abuse its discretion by denying his motion.

**{¶22}** Accordingly, the second assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR