[Cite as *State v. Broadt*, 2014-Ohio-370.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26947 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SARAH J. BROADT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 12 09 2524 |

DECISION AND JOURNAL ENTRY

Dated: February 5, 2014

BELFANCE, Presiding Judge.

{¶1} Appellant, Sarah J. Broadt, appeals the decision of the Summit County Court of Common Pleas terminating her involvement in the Intervention in Lieu of Conviction program ("IILC"). For the reasons set forth below, we reverse and remand the matter.

**I.**

{¶2} In August 2012, Ms. Broadt was arrested and charged with possession of heroin. She withdrew her not guilty plea and later pleaded guilty in order to enter a one-year IILC in November 2012.

{¶3} In April 2013, Ms. Broadt was scheduled for a status call in court to determine how she was progressing in the IILC. However, she did not attend her status call because she was hospitalized. The court continued the status call to the following week, which Ms. Broadt attended. At that status call, the court determined that Ms. Broadt should be terminated from treatment, based in part on the court's belief that such was the recommendation of the IILC

supervising authority.  Ms. Broadt objected to termination and informed the court that the IILC supervising authority's written recommendation was that she presently continue with treatment. In addition, Ms. Broadt objected to the termination on the ground that the matter before the court was a status call rather than a termination proceeding.  Notwithstanding, the trial court terminated Ms. Broadt from the IILC and sentenced her to two years of supervision on community control.

{¶4}  Ms. Broadt has appealed, raising three assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

PURSUANT TO THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENT[S] TO THE UNITED STATES CONSTITUTION, THE TRIAL COURT ERRED BY FAILING TO PROVIDE NOTICE TO APPELLANT THAT SHE WOULD BE TERMINATED FROM THE INTERVENTION IN LIEU OF CONVICTION PROGRAM[,] THUS IN VIOLATION OF R.C. 2951.041(D)(A) (SIC) AND (F).

{¶5}  In Ms. Broadt's first assignment of error, she argues that the trial court erred in terminating her from IILC without notice.  We agree.

{¶6}  R.C. 2951.041(D) provides:

If the court grants an offender's request for intervention in lieu of conviction, the court shall place the offender under the general control and supervision of the county probation department, the adult parole authority, or another appropriate local probation or court services agency, if one exists, *as if the offender was subject to a community control sanction* imposed under section 2929.15, 2929.18, or 2929.25 of the Revised Code.

(Emphasis added.).  With respect to termination from IILC, R.C. 2951.041(F) provides:

If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan.

**{¶7}** R.C. 2951.041(F) requires the supervisory authority to report a failure to comply with the IILC plan and further mandates the trial court to hold a hearing to determine whether the offender in fact failed to comply with the plan. *See* R.C. 2951.041(F). The issue in this case is whether a trial court complies with R.C. 2951.041(F) and the fundamental requirements of due process when it sua sponte terminates an offender from the IILC without prior notice and an opportunity to be heard.

**{¶8}** At its core, due process demands notice and an opportunity to be heard. *See Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 542 (1985). As is the case with many other statutory provisions requiring a hearing, the hearing requirement of R.C. 2951.041(F) contemplates a proceeding comporting with the basic requirements of due process, namely, prior notice and a meaningful opportunity to be heard.[1]

**{¶9}** In this case, the record establishes that Ms. Broadt attended a status conference. The purpose of the status conference was to report upon Ms. Broadt's participation in the IILC. During the status conference, the trial court discussed an interim report from the supervising authority concerning Ms. Broadt's progress and erroneously concluded that the supervising authority was recommending termination from the IILC. The trial court stated, "I question the wisdom of continuing her in treatment, given this bad start. I don't think she's sincere in her sobriety, and so I say let's terminate, terminate from treatment and go from there. That's my view." Ms. Broadt's counsel explained that Ms. Broadt was hospitalized a week earlier and had numerous health issues such that her participation had gotten off to a slow start. Furthermore,

---

[1] In this regard, we note that one court has observed that the IILC can be likened to probation such that termination proceedings must comport with due process requirements applicable to a probation termination proceeding. *See State v. Burdette,* 5th Dist. Morrow No. 10-CA-9, 2011-Ohio-4425, ¶ 24.

counsel pointed out that the supervising authority's report did not recommend termination at that time but instead stated that, if Ms. Broadt did not increase her participation and engagement, a termination recommendation would be forthcoming.

{¶10} Notwithstanding, the trial court terminated Ms. Broadt from the IILC. We note that the trial court's journal entry erroneously states that Ms. Broadt was before the court on a charge of violating the terms and conditions of her IILC plan when such was not the case. Ms. Broadt did not receive notice that she had violated any of the provisions of her IILC plan or that she could be terminated from the IILC, nor did she have an adequate opportunity to be heard on the matter.[2] *See Loudermill* at 542. *See also Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) ("It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner.") (Internal quotations and citations omitted.). Instead, she appeared in court for a status call, during which she was terminated from the IILC under circumstances where she had no prior notice that she was subject to termination and had no opportunity to prepare and present information in her defense. As counsel told the court, had Ms. Broadt been aware that termination from the IILC was a possibility, she could have brought medical documentation showing her difficulties with progressing with the IILC.

{¶11} Given the record in this case, we conclude that the trial court did not comply with R.C. 2951.041(F) and the requirements of due process when it terminated Ms. Broadt from the IILC. Ms. Broadt's first assignment of error is sustained.

---

[2] In this regard, the State agrees in its merit brief that Ms. Broadt did not receive notice and an opportunity to be heard.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT COMMITTED ERROR AND ABUSED ITS DISCRETION, BY DENYING APPELLANT A MOTION TO CONTINUE THE INTERVENTION IN LIEU, STATUS HEARING, TO SUBPOENA NECESSARY MEDICAL REPORTS FROM APPELLANT'S ADMISSIONS TO THE HOSPITAL TO SUPPORT HER DELAY IN SCHEDULING OR ATTENDING A DRUG ASSESSMENT.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT COMMITTED ERROR AND ABUSED IT'S DISCRETION (SIC), WHEN IT TERMINATED APPELLANT FROM THE INTERVENTION IN LIEU OF CONVICTION PROGRAM BECAUSE THE APPELLANT DID NOT FAIL TO COMPLY WITH ANY TERM OR CONDITION OF THE PLAN.

{¶12} In her second assignment of error, Ms. Broadt argues that the trial court abused its discretion by denying her motion to continue. In her third assignment of error, Ms. Broadt argues that the trial court abused its discretion by terminating her from the IILC when she had not violated any of the program's conditions. In light of our resolution of Ms. Broadt's first assignment of error, these assignments of error are moot. *See* App.R. 12(A)(1)(c).

**III**.

{¶13} Ms. Broadt's first assignment of error is sustained, and her remaining assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

HENSAL, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.