[Cite as *State v. Anderson*, 2016-Ohio-4651.]

STATE OF OHIO, BELMONT  COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 BE 0041 |
| VS. | ) | |
| | ) | OPINION |
| RYAN DONALD ANDERSON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 13 CR 162

JUDGMENT:                                    Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee                      Attorney Daniel Fry
                                                      Belmont County Prosecutor
                                                      Attorney Helen Yonak
                                                      Assistant Prosecutor
                                                      147-A West Main Street
                                                      Saint Clairsville, Ohio 43950

For Defendant-Appellant                 Attorney Nikki Baszynski
                                                      Assistant Public Defender
                                                      250 East Broad Street, Suite 1400
                                                      Columbus, Ohio 43215

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: June 27, 2016

DeGENARO, J.

{¶1} In this delayed appeal, Defendant-Appellant, Ryan Anderson, appeals the judgment of the Belmont County Court of Common Pleas in which he was terminated from intervention in lieu of conviction (ILC) and sentenced to seven years imprisonment. Anderson asserts that the trial court erred by terminating ILC and in the sentence imposed for the underlying charges.

{¶2} The State failed to present evidence demonstrating that Anderson violated the terms of his intervention plan; thus, the hearing failed to comport with basic principles of due process. Accordingly, the judgment of the trial court is reversed and the matter remanded for further proceedings.

## Facts and Procedure

{¶3} Anderson was indicted on multiple criminal charges: two counts of theft, R.C. 2913.02(A)(1), possession of drugs, R.C. 2925.11(A)(C)(4)(A), forgery, R.C. 2913.31(A)(3), all fifth-degree felonies, receiving stolen property, R.C. 2913.51(A), and misuse of credit cards, R.C. 2913.21(B)(2)(D)(3), both fourth-degree felonies. Anderson entered a not guilty plea to all six counts and was appointed counsel. Anderson sought treatment, and a report was created by Crossroads Counseling Services. Pursuant to a plea agreement, Anderson pled guilty to all six counts, and the State did not oppose ILC. The trial court found that Anderson was eligible for intervention, and ordered that he remain in rehabilitation at Eastern Ohio Correctional Center for not less than a year, but not more than three years, consistent with the Crossroads recommendation; however, Anderson was released a few months later for a recurring bone infection from a healing wound, which EOCC was not equipped to handle.

{¶4} Shortly thereafter, Anderson's probation officer filed a motion to terminate his ILC for failing to comply with the orders of his supervising officer by failing to stay inside a hospital building and going outside of his residence.

{¶5} At the hearing on terminating ILC, in the State's opening remarks the prosecutor merely referred the trial court's attention to the violations contained in the motion instead of stating them on the record. Further, the prosecutor did not argue for

termination, instead stating she would defer to the trial court's discretion. Defense counsel's opening statement focused on the reports that Anderson had been inserting pencils into his wound to disturb it, insisting instead that Anderson was merely using a Q-tip to sterilize his problematic wound. Anderson's counsel further advocated that two infractions—stepping outside the hospital to smoke and cutting the grass at his grandmother's house where Anderson lived—were not violations because Anderson was still on both premises. Assuming arguendo they were sanctionable violations, counsel contended they were minor and continued participation in intervention was the appropriate action.

{¶6} At this juncture of the proceedings there had been no testimony or evidence presented by either party. Nonetheless, the trial court then stated Anderson's intervention in lieu of conviction would be terminated, and that sentencing would be at a later date. Only at that point did the prosecutor state that she had two witnesses present if the trial court wanted to take testimony.

{¶7} William Rodriguez, an EOCC employee, testified that upon Anderson's arrival, Anderson had mentioned to him he was battling a bone infection. After Anderson had been allowed to seek medical treatment for the infection the wound had healed, but when Anderson participated in community service shortly thereafter the wound opened again. Rodriguez further testified that Anderson had been using Q-tips to disturb the wound.

{¶8} However, the State failed to present any evidence, testimonial or otherwise, regarding Anderson's alleged violations of his intervention plan as set forth in the motion to terminate, i.e., that Anderson allegedly failed to stay inside a hospital building and impermissibly went outside of his residence.

{¶9} At the sentencing hearing, Anderson and his counsel were afforded the opportunity to speak. After reviewing the record, the PSI, and considering the principles and purposes of felony sentencing and the sentencing factors, the trial court imposed consecutive sentences on all six counts for an aggregate seven-year prison term. Two of the seven years were suspended, and Anderson was given 155

days of jail time credit.

## Sixth Amendment Right to Counsel

**{¶10}** Anderson argues in his first of three assignments of error:

> The trial court violated Mr. Anderson's Sixth Amendment right to counsel.

**{¶11}** An appellate court reviews the decision of a trial court to remove an attorney for an abuse of discretion. *State v. Furlow*, 2d Dist. No. 03CA0058, 2004-Ohio-5279, ¶ 13. An abuse of discretion "means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon,* 7th Dist. No. 10 MA 185, 2013–Ohio–2951, ¶ 21.

**{¶12}** A criminal defendant is entitled to be represented by counsel at critical stages of the criminal process. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Sixth Amendment right to counsel does not "attach" until the commencement of judicial adversarial proceedings. *Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). A "critical stage" in proceedings can be defined as those situations in which there is risk that "counsel's absence might derogate from the accused's right to a fair trial." *United States v. Wade*, 388 U.S. 218, 226, 87 S.Ct. 1926, 18 L.Ed.2d (1967). An indigent defendant does not have a right to choose a particular attorney; rather, such a defendant "has the right to professionally competent, effective representation." *State v. Evans*, 153 Ohio App.3d 226, 2003-Ohio-3475, 792 N.E.2d 757, ¶ 30 (7th Dist.), citing *State v. Murphy*, 91 Ohio St.3d 516, 523, 747 N.E.2d 765 (2001).

**{¶13}** Anderson had two different attorneys during the course of these proceedings; the first represented him during the plea proceedings which resulted in the trial court's order granting intervention in lieu of conviction. The second attorney represented him during the proceedings wherein the trial court terminated ILC and imposed a prison sentence. Anderson argues that when the trial court removed his

original attorney from the case and appointed new counsel to represent him in the subsequent proceedings this deprived him of "the benefit of the attorney who was familiar with him, with his case, and with the intervention-in-lieu program." Anderson has waived this error because he failed to raise this issue in the trial court.

{¶14} Generally, errors not raised in the trial court cannot be raised for the first time on appeal. *State v. Carroll*, 7th Dist. No. 95-C-9, 1996 WL 331113, *3 (June 13, 1996). This rule applies to constitutional errors as well. *State v. Williams*, 6 Ohio St.3d 281, 287, 452 N.E.2d 1323 (1983). However, an appellate court may still review the record for plain error. *State v. Ferrara*, 7th Dist. No. 14 MA 4, 2015-Ohio-3822, ¶ 23. "The power afforded to notice plain error, whether on a court's own motion or at the request of counsel, is one which courts exercise only in exceptional circumstances, and exercise cautiously even then." *State v. Long*, 53 Ohio St.2d 91, 94, 372 N.E.2d 804 (1978). A plain error is one that is (1) an obvious defect in a proceeding, (2) that deviates from a legal rule, (3) which in turn affects a substantial right of the party. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16. The Ohio Supreme Court has interpreted this to mean that "the trial court's error must have affected the outcome of the trial." *Id.*

{¶15} Here, there is no error, let alone plain error. Anderson was not deprived of counsel at any point of the proceedings required by the Sixth Amendment. Indigent defendants have a right to counsel, but not counsel of their choice. *See Evans*, *supra*, at ¶ 30; *see also State v. Fry,* 125 Ohio St.3d 163, 2010–Ohio–1017, ¶ 64, *State v. Cobb*, 9th Dist. No. 26847, 2014-Ohio-1923, ¶ 17; *United States v. Gonzalez–Lopez*, *supra*, at 151. Accordingly, Anderson's first assignment of error is meritless.

### Termination of Intervention in Lieu of Conviction

{¶16} In his second of three assignments of error, Anderson argues:

> The trial court erred when it revoked Mr. Anderson's intervention
> in lieu of conviction.

**{¶17}** A trial court's decision to terminate an intervention in lieu of conviction is reviewed for an abuse of discretion. *State v. Lingg*, 2d Dist. No. 2011 CA 8, 2011-Ohio-4543, ¶ 11. An abuse of discretion "means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Dixon, supra,* at ¶ 21.

**{¶18}** Intervention in lieu of conviction is governed by R.C. 2951.041, and allows for "a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense." *State v. Niesen-Pennycuff*, 132 Ohio St.3d 416, 2012-Ohio-2730, 973 N.E.2d 221, ¶ 7; R.C. 2951.041(A)(1). If the trial court grants an offender's request for intervention in lieu of conviction, "the court shall place the offender under the general control and supervision of the county probation department, the adult parole authority, or another appropriate local probation or court services agency, if one exists, *as if the offender was subject to a community control sanction*[.]" R.C. 2951.041(D)(emphasis added). If the offender fails to comply with the terms of the intervention plan, the supervising authority for the plan "shall advise the court of this failure, and the court *shall hold a hearing* to determine whether the offender failed to comply with any term or condition imposed as part of the plan." R.C. 2951.041(F)(emphasis added). If the trial court finds that the offender was not in compliance with any of the terms and conditions of the intervention plan, then the trial court shall sentence the offender to an appropriate sanction under R.C. Chapter 2929. *State v. Davis*, 12th Dist. No. CA2013-12-129, 2014-Ohio-2122, ¶ 10.

**{¶19}** This case, and the statutory process it involves, presents an issue of first impression for our appellate district: what are the fundamental requirements of due process when the state, through the probation authority seeks to terminate an offender from ILC.

**{¶20}** Two of our sister districts have discussed the issue: the Fifth District in *State v. Burdette,* 5th Dist. No. 10 CA 9, 2011-Ohio-4425, and the Ninth District in *State v. Broadt,* 9th Dist. No. 26947, 2014-Ohio-370. Both courts concluded that ILC

can be likened to probation. *Burdette* at *3; *Broadt* at ¶ 8; fn. 1.  We similarly reach that conclusion given the plain language of the statute; "the offender is placed under the supervision of the county probation department *as if the offender was subject to a community control sanction.*"  R.C. 2951.041(D)(emphasis added).

**{¶21}** Although the Fifth District in *Burdette* found no due process violation in that case, its analysis is instructive and thus we adopt it for this district.

> ILC is comparable to probation, and those who are placed on ILC are monitored by the county probation department. R.C. 2951.041(D). In order to comport with due process, a trial court must adhere to the following conditions when ruling on a defendant's guilt in relation to a probation violation: "(a) written notice of the claimed violations; (b) disclosure of evidence against the defendant; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation *State v. Pavlich,* 6th Dist. No. E–10–011, 2011–Ohio–802, at ¶ 25, citing *State v. McKeithen,* 3rd Dist. No. 9–08–29, 2009–Ohio–84, ¶ 22, quoting *State v. Miller* (1975), 42 Ohio St.2d 102, 104, 326 N.E.2d 259, quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484.

*Burdette* at *3.

**{¶22}** The Ninth District in *Broadt* similarly held that an offender who was facing termination of ILC should be afforded due process protections, finding a violation in that case:

> At its core, due process demands notice and an opportunity to be heard. *See Cleveland Bd. of Edn. v. Loudermill,* 470 U.S. 532, 542 (1985). As is

the case with many other statutory provisions requiring a hearing, the hearing requirement of R.C. 2951.041(F) contemplates a proceeding comporting with the basic requirements of due process, namely, prior notice and a meaningful opportunity to be heard.

*Broadt* at ¶ 8, citing *Burdette.*

{¶23} Here, after finding that Anderson met the qualifications for ILC, the trial court imposed multiple conditions as a part of the intervention plan in addition to those contained in R.C. 2951.041(D). Anderson's probation officer filed a motion to terminate intervention, alleging Anderson failed to stay inside the Ohio Valley Medical Center on one occasion, and failed to remain inside his residence on several other occasions, as directed by the supervising probation officer. However, at the ILC termination hearing , the prosecutor merely noted that the alleged violations were set forth in the motion to terminate; no argument whatsoever was made. No testimony or evidence was offered by the State regarding when and how Anderson allegedly violated the terms of his intervention plan. Nor did the State and defense counsel enter into any stipulations. Defense counsel merely offered argument against termination of ILC.

{¶24} Termination of Anderson's ILC based upon the record before us fails to comport with principles of due process as discussed in *Broadt* and *Burdette.* The only reference to the specific alleged violations was argument made by defense counsel regarding two incidents. Counsel argued these did not constitute violations because Anderson never left either premises; he was merely outside of the hospital to smoke on one occasion and outside to mow the lawn at his grandmother's house where he lived on the other occasion. This does not constitute evidence. Thus, the State failed to meet its burden of proof, and, there was no basis for the trial court to terminate intervention in lieu of conviction. Accordingly, Anderson's second assignment of error is meritorious.

**Sentencing**

{¶25} In his third and final assignment of error, Anderson argues:

The trial court erred when it sentenced Mr. Anderson after revoking his intervention in lieu of conviction.

{¶26} In light of our disposition of Anderson's second assignment of error, this assignment of error has been rendered moot. App.R. 12(A)(1)(c).

{¶27} In sum, Anderson's first assignment of error is meritless, because an indigent defendant has the right to competent counsel, but not a specific attorney of his choosing. However, Anderson's second assignment of error is meritorious because the State failed to present evidence to support the trial court's finding of a probation violation. This resolution in turn renders Anderson's third assignment of error moot. Accordingly, the judgment of the trial court is reversed, and this case is remanded for further proceedings.

Donofrio, P. J., concurs.

Waite, J., concurs.