[Cite as *State v. Brovey*, 2020-Ohio-964.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-05-084 |
| | : | O P I N I O N |
| - vs - | | 3/16/2020 |
| | : | |
| AMANDA BROVEY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-02-0189

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Rodriguez & Porter, Ltd., Paul W. Shonk, 5103 Pleasant Avenue, Fairfield, Ohio 45014, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, Amanda Brovey, appeals the sentence imposed by the Butler County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} On March 28, 2018, Brovey was indicted on four counts for aggravated possession of drugs, possessing drug abuse instruments, illegal use or possession of drug instruments, and possession of heroin.

{¶ 3} On May 17, 2018, Brovey moved for intervention in lieu of conviction ("ILC") pursuant to R.C. 2951.041. Following a hearing, the trial court found that Brovey was eligible for ILC and granted her request. Pursuant to a plea agreement, Brovey pled guilty to counts one and four for aggravated possession of drugs and possession of heroin. The state dismissed the remaining counts.

{¶ 4} The trial court accepted Brovey's guilty plea and stayed all criminal proceedings pending compliance with the terms of her intervention plan. The trial court ordered Brovey to comply with the terms and conditions imposed on her by R.C. 2951.041 and ordered that she be placed under the supervision of the probation department. The trial court also informed Brovey that she was required to engage in outpatient substance abuse treatment, obtain her GED, and obtain and maintain full-time employment. The trial court then released Brovey from the Butler County Jail and ordered her to immediately report to the probation department.

{¶ 5} Brovey did not report to the probation department in compliance with the terms of her ILC. The probation department subsequently filed notices of violations, alleging that Brovey violated the terms of her ILC because she "failed to report to the probation department upon her release from the Butler County Jail on 6/22/2018 to sign the General Conditions of Supervision."

{¶ 6} The trial court held a revocation hearing during which Brovey admitted to the violation. The trial court then revoked Brovey's ILC and journalized a judgment of conviction entry. Following the sentencing hearing, the trial court imposed prison terms of seven months on count one and six months on count four, consecutively, for a total aggregate prison term of 13 months. Brovey now appeals, raising three assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8}   THE TRIAL COURT ERRED BY IMPOSING MORE THAN NINETY DAYS FOR MS. BROVEY'S VIOLATION OF HER SUPERVISION CONDITIONS BECAUSE SAID VIOLATION WAS TECHNICAL IN NATURE.

{¶ 9}   In her first assignment of error, Brovey argues that she committed only a "technical violation" of her supervision conditions and can therefore only be sentenced to a maximum prison term of 90 days in accordance with R.C. 2929.15(B)(1)(c)(i).  Brovey's argument is without merit.

{¶ 10} In this case, Brovey was subject to conditions because she was on ILC, not community control.  The two are not synonymous.  *State v. Trimpe*, 6th Dist. Wood No. WD-18-048, 2019-Ohio-3017, ¶ 24; *State v. Grace*, 6th Dist. Sandusky No. S-18-044, 2019-Ohio-3812, ¶ 4, fn. 1.  Under R.C. 2929.01(DD) community control is a "sanction" that exists as a penalty or punishment for an offense.  To the contrary, ILC is not punishment, it is "an opportunity for first time offenders to receive help with their dependency without the ramifications of a felony conviction."  *State v. Ingram*, 8th Dist. Cuyahoga No. 84925, 2005-Ohio-1967, ¶ 13.

{¶ 11} Unlike community control, ILC is governed entirely by R.C. 2951.041, which lays out a procedure by which the trial court stays all criminal proceedings, orders the offender to comply with the terms and conditions of a specifically-tailored "intervention plan," and places the offender under the general control and supervision of the county probation department or another comparable agency during the duration of the intervention plan.

{¶ 12} Pursuant to R.C. 2951.041(D), an intervention plan may include "terms and conditions similar to community control sanctions," and the offender is placed under the supervision of the probation department of the appropriate county "as if the offender was subject to a community control sanction."  However, the offender is not actually "subject to a community control sanction" during intervention.  *Trimpe* at ¶ 24.

{¶ 13} Since Brovey was subject to conditions as a result of her ILC, the 90-day maximum term for a technical violation of community control under R.C. 2929.15(B)(1)(c)(i) is not applicable. Thus, this court need not consider whether Brovey's violation was a "technical violation." Rather, since Brovey violated the terms of her ILC, the trial court could sentence Brovey to an appropriate sanction under the law. *See* R.C. 2951.041(F). Brovey's first assignment of error is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A PRISON TERM ON MS. BROVEY WITHOUT CONSIDERING WHETHER SHE WAS AMENABLE TO AVAILABLE COMMUNITY CONTROL SANCTIONS OR A MORE RESTRICTIVE ILC SANCTION.

{¶ 16} Assignment of Error No. 3:

{¶ 17} THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES BECAUSE ITS FINDING IN SUPPORT OF CONSECUTIVE SENTENCING HAD NO SUPPORT IN THE RECORD.

{¶ 18} In her second assignment of error, Brovey alleges the trial court failed to consider less restrictive sanctions, such as whether she was amenable to community control. In her third assignment of error, Brovey contests the imposition of consecutive prison terms. Brovey's assignments of error are without merit.

{¶ 19} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

*State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 20} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. According to R.C. 2929.12(B)(2), conduct may be considered more serious when "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." *State v. Rich*, 12th Dist. Butler No. CA2014-01-002, 2014-Ohio-4623, ¶ 18.

{¶ 21} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). *Id.* Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or

unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 22} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 113. In imposing consecutive sentences, the trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings. *Id.* Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings. *Id.* The court's findings must thereafter be incorporated into its sentencing entry. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 10.

{¶ 23} On appeal, Brovey argues that the trial court erred by imposing prison terms when she was amenable to other sanctions, such as continuing ILC, to allow her to complete inpatient treatment. In addition, Brovey maintains that the prison terms should not have been ordered consecutive due to her lack of a prior criminal record and that consecutive sentences are not necessary to protect the public from future crime by the offender.

{¶ 24} After reviewing the record, we find that the trial court did not err in its sentencing decision, as Brovey's sentence was not contrary to law and was supported by the record. As previously noted, Brovey was found guilty of aggravated possession of drugs and possession of heroin, both fifth-degree felonies. Though, she was initially granted ILC, she subsequently violated the terms of her ILC by refusing to report to the probation

department in violation of the trial court's order.  As Brovey failed to comply with the terms and conditions of her ILC, the trial court could enter a finding of guilty and impose appropriate sanctions.  R.C. 2951.041(F).  A fifth-degree felony is punishable by a definite prison term of six, seven, eight, nine, ten, eleven, or twelve months.  R.C. 2929.14(A)(5).  Therefore, the trial court's imposition of six-month and seventh-month prison terms were within the permissible sentencing range.

{¶ 25} The trial court also considered the purposes and principles of sentencing as required by R.C. 2929.11 and R.C. 2929.12 and found that Brovey was not amenable to community control.  As stated on the record, Brovey completely failed to abide by the terms of her ILC.  In this case, Brovey failed to report to the probation department when she was released from jail.  Furthermore, the trial court recounted prior instances whereby Brovey failed to abide by the trial court's orders while on bond.  During one such incident, Brovey tested positive for drugs, attempted to strike a probation department officer, and then ran out the back door of the probation department.

> I see.  Well, you failed to show up for pre-trial on one or two occasions.  Apparently there was an incident where you were going to test - - or tested positive for * * * [a] pre-trial officer, you attempted to strike her and run out the back door of the probation department.  All that would lead the Court to believe that you're really not in search of treatment.  And when I sentence you * * * to go to treatment and go to probation, you don't even make it two blocks down the street.

Thus, contrary to Brovey's argument otherwise, we find the trial court sentencing decision is fully supported by the record.

{¶ 26} As it relates to consecutive sentencing, we find the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered Brovey's sentences be served consecutively.  In pronouncing its sentencing decision, the trial court found that consecutive sentences are necessary to protect the public from future crime and necessary to punish

Brovey. The trial court also found that Brovey's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. While Brovey did not have a lengthy criminal history, the trial court's findings are supported by the record, as Brovey failed to cooperate with the trial court's orders, continued abusing drugs, and refused to even report to the probation department when she was given an opportunity on ILC. As a result, we find the trial court did not err by imposing consecutive sentences.

{¶ 27} Following review, we find the trial court did not err in its sentencing decision, as Brovey's sentence was not contrary to law and was supported by the record. Furthermore, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered Brovey's sentences be served consecutively.

{¶ 28} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.