[Cite as *State v. Priest*, 2020-Ohio-1074.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CODY PRIEST | : | Case No. 19 CAA 07 0043 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 14 CR I 01 0015 A


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      March 18, 2020


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

PAYTON ELIZABETH THOMPSON      GLORIA L. SMITH
145 N. Union Street                           1900 Polaris Parkway
3rd Floor                                          Suite 450
Delaware, OH 43015                       Columbus, OH 43240

*Wise, Earle, J.*

{¶ 1}　Defendant-Appellant Cody R. Priest appeals the June 21, 2019 judgment of the Delaware County Court of Common Pleas which revoked Priest's Intervention in Lieu of Conviction (ILC) and placed him on community control. Plaintiff-Appellee is the state of Ohio.

FACTS & PROCEDURAL HISTORY

{¶ 2}　On January 17, 2014 Priest was charged by indictment with one count of theft and one count of receiving stolen property, both felonies of the fourth degree. On March 19, 2014, Priest filed a motion for ILC and was later granted the same for a period of 3 years. Among other conditions of ILC, Priest was ordered to pay restitution to the victim of his crimes in the amount of $24,576 at a minimum rate of $50 per month beginning July 1, 2014. During the hearing granting Priest's ILC, the trial court advised Priest the restitution needed to be paid in full by the end of his time on ILC or his ILC would be terminated unsuccessfully. Transcript of hearing, June 9, 2014 at 20.

{¶ 3}　On May 11, 2015, a hearing was held to address Priest's failure to make at least minimum payments. During the hearing the trial court noted between Priest's $50 minimum payment and his co-defendant's $100 minimum payment, the full restitution amount would not come close to being satisfied by the end of 3 years. The state agreed, but noted Priest and his co-defendant did not have the ability to pay anything more, and that some payment was better than none. Transcript of hearing, May 11, 2015 at 9.

{¶ 4}　On March 23, 2017, an agreed judgment entry was filed to extend the period of Priest's ILC by two years to allow him to "* * *pay the remaining balance of $21,251."

{¶ 5}  On May 29, 2019, the state filed a motion to terminate Priest's ILC and impose sentence because Priest still owed $22,471 in restitution and $1018.35 in court costs. At a hearing held on June 19, 2019, Priest, accompanied by counsel, opted to admit to the violations. Transcript of hearing at 4. Options were discussed, but the trial court concluded the only option was to terminate Priest's ILC unsuccessfully, as he had been on ILC for the maximum period. The trial court then placed Priest on 5 years of community control. Id. 4-11.

{¶ 6}  It is from this judgment that Priest appeals raising five assignments of error as follow:

I

{¶ 7}  "THE TRIAL COURT ERRED BY TERMINATING APPELLANT'S INTERVENTION IN LIEU OF CONVICTION AS UNSUCCESSFUL"

II

{¶ 8}  "THE TRIAL COURT ERRED BY TERMINATING APPELLANT'S INTERVENTION IN LIEU OF CONVICTION AS UNSUCCESSFUL IN VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATED CONSTITUTION."

III

{¶ 9}  "THE TRIAL COURT LACKED JURISDICTION TO TERMINATE APPELLANT'S INTERVENTION IN LIEU OF CONVICTION AS UNSUCCESSFUL PURSUANT TO 2929.25 (A)(1)."

IV

{¶ 10} "THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHT AMENDMENT TO THE US CONSTITUTION."

V

{¶ 11} APPELLANT SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL OM VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSITTUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

I

{¶ 12} In his first assignment of error, Priest argues the trial court erred in terminating his ILC as unsuccessful because he substantially complied with the terms of his ILC, and he was not required to pay restitution in full in order to comply with the terms of his ILC. We disagree.

{¶ 13} Priest argues he was not required to pay restitution in full and therefore there was no competent, credible evidence to support a finding that he violated his ILC. He bases this argument on statements made by appellee during the 2015 status hearing to the effect that some payment was better than none. However, the June 13, 2014 judgment entry placing Priest on ILC clearly required full payment. It stated: "The defendant shall pay any restitution in full in the sum of $24, 576.00 at a minimum rate of $50.00 per month, commencing on July 1, 2014."

{¶ 14} When Priest's ILC was extended by agreement of the parties on March 23, 2014, the judgment entry stated; "* * * Defendant's period of Intervention in Lieu of Conviction in the above-captioned case is hereby extended for an additional period of two

(2) years, to June 9, 2019, under the supervision of the Delaware County Office of Adult Services, to allow the Defendant to pay the remaining balance of $21,251.00 in Restitution."

{¶ 15} Although Priest relies on statements made by appellee in 2015 indicating it may have settled for less than full payment, at no time was Priest advised by the trial court that less than full restitution was acceptable. It is axiomatic that a court speaks only through its judgment entries. Each judgment entry in this matter has ordered Priest to pay restitution in full.

{¶ 16} Priest also argues that because he substantially complied with ILC, completing everything the court ask of him except payment of the restitution, the trial court should have terminated his ILC successfully. Priest provides no authority, however, to support a conclusion that an offender must be discharged successfully from a term of ILC if he has substantially complied with the same. Pursuant to R.C. 2951.041(F), upon finding that Priest had violated the terms of his ILC, the trial court had three choices: (1) continue Priest on intervention in lieu of conviction, (2) continue Priest on intervention in lieu of conviction with additional terms, conditions, and sanctions, or (3) enter a finding of guilty and impose an appropriate sanction under R.C. Chapter 2929.

{¶ 17} Priest had been on ILC for the maximum term. Thus the trial court had but one option -- to enter a finding of guilty and impose an appropriate sanction, which it did.

{¶ 18} We find the trial court did not err in revoking Priest's ILC as unsuccessful and imposing a term of community control.

{¶ 19} The first assignment of error is overruled.

II

{¶ 20} In his second assignment of error Priest argues the trial court failed to inquire into the reasons he failed to pay his financial sanctions as required per *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed 221 (1983) thereby denying him due process. We disagree.

{¶ 21} Priest's specifically argues the holding in *Bearden* should extend to convicting offenders of a felony when they have failed to meet the requirements of their ILC. We note, however, that *Bearden* is distinguishable from the matter at bar. "The Supreme Court's decision in *Bearden* is limited * * * and stands only for the proposition that the court cannot *imprison* a probationer for failure to make required payments unless the probationer failed to make bona fide efforts to pay and alternatives to imprisonment are inadequate in a particular situation." *State v. Sheesley*, 9th Dist. No. 2015-Ohio-4565, 46 N.E.3d 1134, ¶ 9 quoting *State v. Pickett*, 12th Dist. Warren No. CA2014-099115, 2015-Ohio-972, 2015 WL 1159701, ¶ 19, emphasis original.

{¶ 22} Priest was not incarcerated for his inability to pay restitution in a timely manner, he was placed on community control. We therefore find *Bearden* inapplicable.

{¶ 23} The second assignment of error is overruled.

III

{¶ 24} Next Priest argues the trial court lacked jurisdiction to terminate his ILC as unsuccessful pursuant to R.C. 2929.15(A)(1) after he had already completed 5 years of ILC. We disagree.

{¶ 25} Priest argues that because his hearing took place 10 days after the expiration of the maximum five-year period of ILC, the trial court was without jurisdiction to act on the alleged violations. As pointed out by the state, however, the trial court issued

an order on May 31, 2019 suspending Priest's ILC time until such a time as he could be brought before the court. Moreover, Priest did not object to this suspension of time and has thus waived all but plain error here on appeal. Priest neither raises nor argues the trial court committed plain error. The third assignment of error is therefore overruled.

## IV

{¶ 26} In his next assignment of error, Priest argues his sentence constitutes cruel and unusual punishment in violation of his Eighth Amendment protections. He specifically argues his sentence is grossly disproportionate. We disagree.

{¶ 27} The Eighth Amendment to the United States Constitution prohibits "[e]xcessive" sanctions. It provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

{¶ 28} In *State v. Pore*, 5th Dist. Stark No. 2013CA00119, 2014-Ohio-790 ¶ 13, we stated:

> The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids extreme sentences that are grossly disproportionate to the crime. *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999), quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680 (1991),(Kennedy, J., concurring in part and in judgment). In *Solem v. Helm*, 463 U.S. 277, 290-292, 103 S.Ct 3001, 3010-3011, 77 L.Ed.2d 637, 649-50 (1983),

the United States Supreme Court set forth a three-part test for determining whether a sentence is disproportionate to the crime: (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. A sentence does not violate the constitutional prohibition against cruel and unusual punishment unless the sentence is so grossly disproportionate to the offense as to shock the sense of justice in the community. *State v. Chaffin*, 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46 (1972).

{¶ 29} Priest argues a total of 10 years supervision with the probation department constitutes cruel and unusual punishment. But R.C. 2951.041(F) does not forbid such a sentence:

(F) If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan. If the court determines that the offender has failed to comply with any of those terms and conditions, it may continue the

offender on intervention in lieu of conviction, continue the offender on intervention in lieu of conviction with additional terms, conditions, and sanctions, or enter a finding of guilty and impose an appropriate sanction under Chapter 2929. of the Revised Code. If the court sentences the offender to a prison term, the court, after consulting with the department of rehabilitation and correction regarding the availability of services, may order continued court-supervised activity and treatment of the offender during the prison term and, upon consideration of reports received from the department concerning the offender's progress in the program of activity and treatment, may consider judicial release under section 2929.20 of the Revised Code.

{¶ 30} R.C. 2951.041(F) clearly permits the trial court to revoke an offender's ILC, find him or her guilty of the underlying offenses and impose an appropriate sentence. Generally, a sentence that falls within the terms of a valid sentencing statute cannot constitute cruel and unusual punishment. *State v. Hairston*, 118 Ohio St.3d 289, 888 N.E.2d 1073, 2008-Ohio-2338, ¶ 21. Priest's sentence of five years community control is a punishment authorized by the legislature, and he does not argue otherwise. We therefore find Priest's sentence is appropriate and does not constitute cruel and unusual punishment.

{¶ 31} The fourth assignment of error is overruled.

V

{¶ 32} In his final assignment of error, Priest argues his counsel rendered ineffective assistance. Specifically, he argues he received no benefit in exchange for his admission to violating the terms of his ILC and was therefore prejudiced. We disagree.

{¶ 33} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 34} We find Priest has not met either *Strickland* prong. There was no dispute that Priest failed to pay in full either restitution or court costs during his time on ILC. Challenging that fact and demanding a hearing would have been an exercise in futility on the part of Priest's counsel. While Priest complains he received no benefit because he is now a convicted felon, this is a situation of Priest's own making, and not due to any deficient representation by his counsel.

{¶ 35}  The final assignment of error is overruled.

{¶ 36}  The judgment of the Delaware County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.


EEW/rw