[Cite as *State v. Jackson*, 2025-Ohio-2964.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TODD A. JACKSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0001

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 19 CR 240

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor and *Atty. Jacob A. Manning*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Donald K. Pond, Jr.*, for Defendant-Appellant

Dated:  August 18, 2025

**WAITE, J.**

{¶1}    Appellant Todd A. Jackson appeals his conviction and sentence for complicity to drug possession and attempted tampering with the evidence on the grounds that he was improperly terminated from intervention in lieu of conviction ("ILC"). Appellant pleaded guilty to the two counts and then entered a Drug Court program as part of ILC. Although he completed part of the program, he eventually stopped going to treatment, missed a court appearance and did nothing further. After being at large for three years, he was finally arrested and the state moved to terminate Appellant from ILC. Appellant argues on appeal that he was given only one revocation hearing before being terminated from ILC, and that revocation of community control requires two hearings. Since Appellant was not sentenced to community control, and because ILC is governed entirely by R.C. 2951.041 rather than the community control sentencing statutes, his arguments are not persuasive. Further, while it is clear from this record that the court intended to hold two hearings, Appellant fully admitted to the violations at his first hearing, thereby eliminating any possible need for a second hearing. Appellant also did not object to the failure to hold a second hearing, thereby waiving all but plain error, and he does not contend he was prejudiced by any action or inaction of the trial court. No plain error is shown in the record, and Appellant's assignment of error is without merit. His conviction and sentence are affirmed.

<u>Facts and Procedural History</u>

{¶2}    This matter stems from a complaint in Belmont County Court Western Division, dated August 8, 2019. The complaint contains one charge of possession of heroin in an amount exceeding ten grams but less than fifty grams in violation of R.C.

2925.11(A), (C)(6)(D) (second degree felony), and one count of tampering with evidence pursuant to R.C. 2921.12(A)(1), (B) (third degree felony). The charges arose from a search of Appellant's residence conducted on August 6, 2019. Appellant indicated during the search that he flushed drugs down the toilet. Illegal drugs and drug paraphernalia were found in the residence. Appellant later admitted that he was a heroin user and that he allowed someone to use his residence to sell drugs in exchange for heroin.

{¶3} The case was bound over to the Belmont County Grand Jury, which returned an indictment on March 5, 2020 on three counts: complicity in trafficking in fentanyl in violation of R.C. 2923.03(A)(2), (F), a first degree felony; tampering with evidence pursuant to R.C. 2921.12(A)(1)(b), a third degree felony; and permitting drug abuse in violation of R.C. 2925.13(B), (C)(3)(A), a fifth degree felony. Trial was scheduled for October 14, 2020. On that date, Appellant agreed to plead guilty to lesser charges. Count one was amended to complicity to drug possession pursuant to R.C. 2925.11(A), (C)(11)(b), a fourth degree felony, and count two was amended to a charge of attempted tampering with evidence in violation of R.C. 2921.12(A)(1)(b), a fourth degree felony. The state agreed to dismiss count three. At his change of plea hearing on October 14, 2020, Appellant entered guilty pleas to both charges. (10/14/2020 Tr., p. 17.) Sentencing was scheduled for November 30, 2020.

{¶4} Appellant filed a motion seeking intervention in lieu of conviction ("ILC"). At a hearing on November 30, 2020, the court granted ILC and Appellant was accepted into the Drug Court program. Sentencing was held in abeyance pending completion of Appellant's treatment program. (12/4/20 J.E.). Appellant also signed a Drug Court Petition and a Participation Agreement explaining the various constitutional and

nonconstitutional rights being waived by entering into the Drug Court program, and he agreed that he could be terminated from the program for missing court appearances, missing appointments for treatment, failing drug tests, and for any other acts of non-compliance with the program. (12/4/20 Drug Court Petition; 12/4/20 Participation Agreement).

{¶5} Appellant completed some aspects of the program, but on March 2, 2021 he was notified that he appeared to be non-compliant on ten occasions for failing a drug test and for failing to appear for treatment. (3/1/21 Notice). After a hearing, he was found to be non-compliant and was sanctioned to complete the Eastern Ohio Correction Center Program. (3/22/21 J.E.). This judgment entry was not appealed. He was returned to the Drug Court program on July 21, 2021.

{¶6} On September 7, 2021 Appellant failed to appear for a Drug Court review hearing. (9/8/21 J.E.). An arrest warrant was immediately issued, but Appellant was not apprehended until November 20, 2024. (11/20/24 Returned Warrant). The prosecutor filed a motion to terminate Appellant from the Drug Court ILC program on three grounds: failure to appear for review on September 7, 2021; failure to report to his probation officer on September 7, 2021; and failure to attend substance abuse treatment since September 7, 2021. (11/20/24 Motion). A bond hearing was held on November 20, 2024. He was denied bond, and his revocation hearing was set for December 2, 2024.

{¶7} At the hearing, the judge asked Appellant how he wished to proceed, and his counsel said: "Your Honor, at this time, there will be no objection to the motion to terminate." (12/2/24 Tr., p. 2.) The court asked if Appellant was admitting to the three counts contained in the motion to terminate, and counsel stated, "Yes, Your Honor."

(12/2/24 Tr., p. 3.)  The court then directly asked Appellant if he admitted to the three charges and if he agreed to be terminated from the ILC program, and Appellant answered, "Yes."  (12/2/24 T., p. 3.)  The court ordered that a presentence investigation report (PSI) be prepared, and sentencing was set for December 30, 2024.  At the sentencing hearing Appellant was sentenced to 18 months in prison on count one, and two to 12 months in prison on count two, to run concurrently.  He was given jail credit for 206 days.  The sentencing entry was filed on December 31, 2024.

**{¶8}**  On January 13, 2025 Appellant filed a timely notice of appeal.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY REVOKING APPELLANT'S COMMUNITY CONTROL, CONTRARY TO DUE PROCESS.

**{¶9}**  Appellant contends that he was denied procedural due process when the court failed to give him a second hearing required by the community control revocation process.  Our analysis begins with the initial observation that Appellant was not sentenced to community control, because he entered into ILC prior to sentencing.  Since he was not sentenced to community control, the law and reasoning governing revocation of community control does not apply.  Community control and ILC are not synonymous, and the revocation process for each is separate and distinct.  *State v. Brovey*, 2020-Ohio-964, ¶ 10 (12th Dist.).  "ILC is governed entirely by R.C. 2951.041[.]"  *Id.* at ¶ 11.  Community control is a penalty or punishment for a crime.  R.C. 2929.01(DD).  ILC is not punishment, but instead is "an opportunity for first time offenders to receive help with their dependency without the ramifications of a felony conviction."  *State v. Ingram*, 2005-Ohio-1967, ¶ 3

Case No. 25 BE 0001

(8th Dist.). An offender is not actually subject to community control or to any specific community control sanction as part of ILC. *State v. Trimpe*, 2019-Ohio-3017, ¶ 24 (6th Dist.).

{¶10} Appellant is aware of the statute governing the revocation of ILC and cites it in his brief, but nevertheless argues that the procedures for the revocation of community control, rather than the process for revocation of ILC, were not properly followed. Part of R.C. 2951.041, the ILC statute applicable at the time of Appellant's crimes, is quoted in Appellant's brief. Appellant omits, however, section (F) dealing with revocation of ILC, which states:

> (F) If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, the supervising authority for the offender promptly shall advise the court of this failure, and *the court shall hold a hearing* to determine whether the offender failed to comply with any term or condition imposed as part of the plan. If the court determines that the offender has failed to comply with any of those terms and conditions, it shall enter a finding of guilty and shall impose an appropriate sanction under Chapter 2929. of the Revised Code. (Emphasis added).

{¶11} This section of the ILC statute clearly sets out that the court is to hold "a hearing" to determine whether the defendant has failed to comply with the program. *State v. Brotherton*, 2024-Ohio-5045, ¶ 19 (12th Dist.). The same language is used in the

current version of the statute. A defendant may choose to have a hearing to introduce witnesses and other evidence, or may choose to admit to violating the terms of the intervention plan. *Id.* at ¶ 20. Appellant chose not to offer evidence. He admitted he violated his ILC, and the court proceeded to schedule a sentencing hearing. Since Appellant is not arguing that the court violated R.C. 2951.041(F), and cannot show such a violation based on this record, Appellant's appeal is clearly without merit.

{¶12} Appellee addresses Appellant's argument, assuming arguendo that the court was required to follow community control revocation requirements. Appellee correctly argues that an abuse of discretion standard applies to a trial court's decision to revoke community control. *State v. Brown*, 2010-Ohio-6603, ¶ 12 (7th Dist.). However, Appellee also believes that a stricter standard applies to this appeal. We note that Appellant is arguing a violation of due process in the revocation process, and "[f]ailure to object to due process violations during a probation revocation waives all but plain error." *State v. Delaine*, 2010-Ohio-609, ¶ 22 (7th Dist.). However, Appellee overlooks that at no point in the trial court court proceedings did Appellant object to the process. "The plain error doctrine permits an appellate court to reverse the judgment of the trial court if, but for the error, the outcome of the hearing would have been otherwise." *Id.* Reversal for plain error occurs only on rare occasions, and plain error is a difficult standard to meet. *State v. Hutton*, 2003-Ohio-5607, ¶ 54.

{¶13} Appellant's argument is that the court violated Crim.R. 32.3(A) by not providing him with two hearings before a community control probation sanction was revoked and sentence imposed. As Appellant was not sentenced to community control, and as Crim.R. 32.3(A) does not deal with the revocation of ILC, it has no application to

Appellant's argument. Appellant is correct that, normally, when a defendant on community control is charged with some violation, a probable cause hearing is held first and then a second hearing is held to allow the defendant to present evidence showing there was no violation, or that there were mitigating circumstances. *State v. Delaney*, 11 Ohio St.3d 231, 233 (1984). The *Delaney* case Appellant relies on, however, held that a defendant must timely object to the failure to hold a preliminary probable cause hearing. Failure to timely object to the lack of that hearing waives any right to the hearing. *Id.* Additionally, the defendant must show prejudice caused by the failure to hold a preliminary hearing. *Id.* In the instant case, Appellant raised no objection at all to the failure to hold a preliminary probable cause hearing. He also made no attempt to argue that he was prejudiced in that failure.

{¶14} The record is clear that the court was initially planning to hold two hearings. The court specifically referred to the December 2, 2024 hearing as the "first stage hearing." (12/2/24 Tr., p. 2.) The fact that there was no second hearing is entirely due to Appellant's complete admission to the ILC violations at his initial hearing.

{¶15} As Appellee points out, a defendant can waive the right to a full hearing on a community control violation and simply admit to the charges. *State v. Farley*, 2024-Ohio-3238, ¶ 12 (12th Dist.). Admission to community control violations and the waiver of rights associated with that admission is a much more informal process than a Crim.R. 11 waiver of rights procedure. *State v. Lammie*, 2022-Ohio-419, ¶ 14 (3d Dist.). A revocation hearing is not a criminal trial and the defendant "is not afforded the full panoply of rights given to a defendant in a criminal prosecution." *State v. Dye*, 2017-Ohio-9389, ¶ 12 (4th Dist.). In community control revocation proceedings, "the relevant consideration

is not whether the record proves that he understood the rights he was waiving; it is whether the record in some way indicates that he did not understand the rights he was waiving." *State v. Patton*, 2016-Ohio-4867, ¶ 12 (8th Dist.).

{¶16} The record is clear that Appellant's rights were protected. He freely admitted to the ILC violations at his first hearing and thereby waived any right he now asserts to any second hearing. He was represented by counsel at the December 2, 2024 hearing. He was fully aware of the nature of revocation proceedings, as he was subject to these proceeding once before, in 2021. Both Appellant and his counsel admitted to the ILC violations and agreed termination of Appellant's participation in ILC was appropriate. There is nothing in the record showing that Appellant did not understand his rights when admitting to the ILC violations. There was no error, much less plain error, in the court setting the matter for a sentencing hearing. There was no prejudice alleged or shown in the ILC revocation proceedings. Appellant's assignment of error is without merit.

## Conclusion

{¶17} Appellant contends that he was denied due process when the trial court failed to hold a second hearing as part of his ILC revocation process, based on his contention that two hearings are required before a court can revoke community control. Appellant's argument fails because he was never sentenced to community control. Thus, the community control revocation process does not apply. Appellant entered ILC prior to sentencing, and his revocation was governed by the ILC revocation statute, R.C. 2951.041, which requires only a single hearing as part of the ILC revocation process. Even if Appellant had been subject to the community control revocation rules and its two-hearing process, the record is clear that the court intended to hold two hearings, but

Appellant admitted to the violations at the first hearing, waiving any right to a second, evidentiary hearing. In addition, Appellant did not object to the lack of a second hearing and waived all but plain error. No plain error is apparent in the record. Finally, he did not argue or show that he was prejudiced in any way. Appellant's assignment of error is without merit and his conviction and sentence are affirmed.

Robb, P.J. concurs.

Dickey, J. concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**