[Cite as *State v. Clark*, 2025-Ohio-5173.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

AMBER D. CLARK,

    DEFENDANT-APPELLANT.

CASE NO. 8-25-04

OPINION AND
JUDGMENT ENTRY

Appeal from Logan County Common Pleas Court
Trial Court No. CR 19 10 0300

Judgment Affirmed

Date of Decision:  November 17, 2025

APPEARANCES:

    *Alison Boggs* for Appellant

    *Nathan Yohey* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Amber D. Clark ("Clark") appeals the judgment of the Logan County Court of Common Pleas, arguing that the trial court erred by failing to give her proper notice and to hold a hearing prior to continuing her intervention in lieu of conviction ("ILC"). For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On October 8, 2019, Clark was indicted on one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1), a fourth-degree felony. On December 10, 2019, Clark filed a motion for ILC. On May 27, 2020, the trial court granted Clark's motion for ILC; stayed the criminal proceedings; and placed her under the supervision of the Adult Parole Authority ("APA") for a period of three years. As part of the terms and conditions of her ILC, Clark was ordered to pay court costs and attorney's fees.

{¶3} On August 24, 2022, the APA notified the trial court that Clark had absconded from supervision. As a result, the accrual of time towards the period of her ILC was suspended until September 23, 2022. On June 15, 2023, the APA reported that Clark had failed to pay costs in compliance with the terms of her ILC. In response, the trial court continued Clark's ILC through June 17, 2025.

{¶4} On February 4, 2025, the APA notified the trial court that Clark had again absconded from supervision. On February 13, 2025, the State filed a motion requesting the trial court to order Clark to appear and show cause why her ILC should not be revoked after several reported violations. On February 20, 2025, Clark appeared for an initial hearing on this matter.

{¶5} At a revocation hearing on March 4, 2025, the APA alleged that Clark had violated the terms and conditions of her ILC eight times in January and February of 2025. Clark then admitted to having committed these violations. After the hearing, the trial court issued a judgment entry that revoked Clark's ILC and ordered her to serve five years on community control.

*Assignment of Error*

{¶6} Clark filed her notice of appeal on March 10, 2025. On appeal, she raises the following assignment of error:

> **The trial court erred when it increased the period for intervention in lieu of conviction appellant was serving without notice, a hearing or without her being present and then revoking her ILC two years later.**

*Legal Standard*

{¶7} "Intervention in lieu of conviction is governed by R.C. 2951.041 . . . ." *State v. Caaniss*, 2021-Ohio-1376, ¶ 17 (7th Dist.). Pursuant to the statutorily described process,

> An order granting intervention in lieu of conviction (ILC) does not, by its nature, contain a conviction or a sentence . . . . Rather, an order

> granting ILC generally stays the pending criminal proceedings while the defendant complies with the terms and conditions of the intervention plan. *See* R.C. 2951.041(C).

*State v. Slack*, 2021-Ohio-974, ¶ 4 (2d Dist.). For this reason, "an order granting ILC does not contain a conviction or a sentence and, therefore, the criminal case is not yet complete while a defendant is subject to the terms of ILC." *State v. Yontz*, 2022-Ohio-2745, ¶ 18.

{¶8} If a trial court grants a request for ILC and the offender "successfully completes the ILC plan, no conviction will be entered and the case will be dismissed." *Slack* at ¶ 4, citing R.C. 2951.041(E). However,

> [i]f the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan. If the court determines that the offender has failed to comply with any of those terms and conditions, it may continue the offender on intervention in lieu of conviction, continue the offender on intervention in lieu of conviction with additional terms, conditions, and sanctions, or enter a finding of guilty and impose an appropriate sanction under Chapter 2929. of the Revised Code.

R.C. 2951.041(F). This provision gives the trial court discretion in choosing the appropriate response to an offender's failure to comply with the terms or conditions of an ILC plan. *State v. Taylor*, 2019-Ohio-1287, ¶ 4 (3d Dist.). For this reason, appellate courts generally apply an abuse-of-discretion standard when reviewing a trial court's determination on such a matter. *Id.*

{¶9} Importantly, "the opportunity to participate in ILC is not a right, but a privilege." *State v. Zepeda*, 2014-Ohio-1311, ¶ 12 (6th Dist.). "A court's grant of intervention in lieu of conviction is not punishment. Rather, it is 'an opportunity for first time offenders to receive help with their dependency without the ramification of a felony conviction.'" *State v. Trimpe*, 2019-Ohio-3017, ¶ 24 (6th Dist.), quoting *State v. Ingram*, 2005-Ohio-1967, ¶ 13 (8th Dist.).

{¶10} Even though ILC and community control may involve similar restrictions, these types of supervision "are very different things" because "community control is a 'sanction,' defined by R.C. 2929.01(DD) as a penalty that exists 'as punishment for the offense.'" *Trimpe* at ¶ 24, quoting *Ingram* at ¶ 12. *See* R.C. 2951.041(D). Thus, ILC is governed by R.C. 2951.041 rather than the sentencing statutes that govern community control. *State v. Jackson*, 2025-Ohio-2964, ¶ 1, 17 (7th Dist.); *State v. Fonseca*, 2015-Ohio-306, ¶ 14 (8th Dist.); *State v. Brovey*, 2020-Ohio-964, ¶ 11 (12th Dist.).

*Legal Analysis*

{¶11} Clark asserts that the trial court acted inconsistently with the requirements of due process and Crim.R. 43(A) by continuing the period of her ILC in June of 2023 without giving her proper notice or holding a hearing on this matter. Based on these assertions, she argues that we should find that the continuation of her ILC in June of 2023 was invalid; treat her as having successfully completed her

ILC in June of 2023; and conclude that the trial court lacked jurisdiction to terminate her ILC in March of 2025 since her ILC should be deemed as already completed.

**{¶12}** However, at the revocation hearing on March 4, 2025, Clark made no mention of the trial court's decision to continue her ILC in June of 2023. Further, the record contains no indication that Clark ever raised any objection to the decision continuing her ILC or the procedure used in this process. In its brief, the State correctly asserts that the absence of an objection before the trial court over this matter forfeits all but plain error on appeal. *See Jackson*, 2025-Ohio-2964, at ¶ 12 (7th Dist.); *State v. Sturgeon*, 2013-Ohio-1389, ¶ 15 (3d Dist.).

> For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right. . . . Under the plain error standard, the appellant must demonstrate that there is a reasonable probability that, but for the trial court's error, the outcome of the proceeding would have been otherwise.

(Citations omitted.) *State v. Manns*, 2024-Ohio-4632 (3d Dist.), quoting *State v. Bradshaw*, 2023-Ohio-1244, ¶ 67 (3d Dist.). "Plain error is recognized 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Pirani*, 2024-Ohio-3060, ¶ 16 (3d Dist.), quoting *State v. Long*, 53 Ohio St.2d 91, 97 (1978).

**{¶13}** On appeal, Clark has not framed an argument that seeks to establish plain error. *See State v. Priest*, 2020-Ohio-1074, ¶ 25 (5th Dist.). In her brief, she does argue that, in the process of continuing her ILC in June of 2023, the trial court

acted inconsistently with her due process rights and Crim.R. 43(A)'s requirement that a defendant "be physically present at every stage of the criminal proceeding and trial . . . ." Crim.R. 43(A). We note that, in support of her arguments, she cites to cases that address violations of various community control sanctions rather than failures to comply with the terms or conditions of an ILC plan. *See Jackson*, 2025-Ohio-2964, at ¶ 1 (7th Dist.).

{¶14} In response to Clark's arguments, the State asserts that ILC is governed solely by R.C. 2951.041 and does not implicate the standards of due process. The State also asserts that ILC is distinct from criminal proceedings and is not, therefore, subject to the strictures of Crim.R. 43(A). But even assuming that the requirements of due process and Crim.R. 43(A) apply to ILC proceedings, the record before us still does not support a finding of plain error.

{¶15} Turning to the facts of this case, the APA notified the trial court on June 15, 2023 that Clark had not paid court costs or attorney's fees as required by the terms of her ILC. The APA also produced a record from the Logan County Clerk of Courts that documented what remained to be paid towards her court costs and attorney's fees. This record stated that Clark had balance of $1,387.12 remaining on her total plan amount.

{¶16} In response to these filings, Clark nowhere alleged—in the record or on appeal—that the APA's report to the trial court in June of 2023 was incorrect or that she had in fact complied with the part of her ILC plan that required her to pay

court costs and attorney's fees. While Clark asserts that we should consider her to have successfully completed her ILC in June of 2023, the only evidence in the record on this matter indicates that she was not in compliance with the terms or conditions of her ILC at the time that her ILC was continued. *See Priest*, 2020-Ohio-1074, at ¶ 16-17, 22 (5th Dist.).

{¶17} Further, if an offender has not complied with the terms or conditions of his or her ILC, R.C. 2951.041(F) permits a trial court to (1) continue the offender on ILC; (2) continue the offender on ILC with additional conditions; or (3) enter a finding of guilt and impose an appropriate sanction. *See State v. Kuhn*, 2018-Ohio-4065, ¶ 21 (12th Dist.). We note that the trial court chose the least restrictive of the three options listed in R.C. 2951.041(F) after the APA submitted a record in June of 2023 that established Clark had failed to pay the relevant costs in compliance with the terms of her ILC.

{¶18} For these reasons, we conclude that the contents of the record do not contain any indication that the outcome of this proceeding would have been different in the absence of the trial court's alleged error. Thus, even assuming that the requirements of due process and Crim.R. 43(A) apply to ILC proceedings, the alleged defect in the proceeding does not rise to the level of plain error. *See Jackson*, 2025-Ohio-2964, ¶ 12, 16 (7th Dist.). Since Clark's arguments do not identify a plain error that was made in the process of continuing her ILC in June of 2023, she has also failed to establish that the trial court lacked jurisdiction to issue the order

terminating her ILC in March of 2025.  *See Priest*, 2020-Ohio-1074, at ¶ 25 (5th Dist.).  Accordingly, the sole assignment of error is overruled.

*Conclusion*

**{¶19}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Logan County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

Case No. 8-25-04

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

 

 

John R. Willamowski, Judge

 

Juergen A. Waldick, Judge

 

William R. Zimmerman, Judge

DATED:
/hls